## MacDonald v. MacDonald, Appellant.

Argued October 13, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*I. Nathaniel Treblow,* for appellant.

*Raymond A. White, Jr.,* for appellee.

OPINION BY TREXLER, P. J., March 3, 1933:
Divorce. The husband is the libellant. The master

who heard the case recommended a decree in his favor. The court took the same view and the wife has appealed. The grounds laid are desertion. The parties were married in 1911. Libellant is 63 years of age and respondent 47. We quote from the opinion of the lower court:

"With the exception of a short period of about a month immediately following the marriage when the parties lived at a hotel and three and a half years later when they rented a house for about five weeks, the only times that the parties resided together was during the summer months. This continued for approximately eleven years until the time of the alleged desertion in the year 1923. During such time respondent resided with her mother at her home in Chester, while the libellant lived on these occasions when he was not absent from the city in the course of his employment, with his brother. It is stated the reason libellant did not live with the respondent at her mother's home in Chester during the occasions when he was not on the road as salesman, was that there was not sufficient room for him at respondent's mother's home.

To put an end to this unusual situation, libellant purchased a home at 5641 Washington Avenue, Philadelphia in November of 1922. It appears clear that the respondent in the first instance had agreed to live there with the libellant. Libellant had actually spent several days at the Washington Avenue home to make it ready for occupancy and respondent had spent money in furnishing the home. Sometime in January, 1923 the respondent advised the libellant that she would not go to the Washington Avenue home to live there with the libellant. The record in the case fully justifies the finding that the libellant in good faith made numerous efforts to have the respondent take up a home and live with him. He made many efforts at reconciliation both by letter and by attempted personal calls on respondent, but without success.

As reported by the master, libellant again expressed the desire at the hearing before him, that respondent resume marital relations with him, but she refused on the ostensible ground that he was intimate with his deceased brother's wife. It was made quite clear that the latter was an aged ill woman, and so far as any proofs were concerned, there was no basis in the record even tending to support such charge.

It is, of course, the duty of a wife to live with her husband at such reasonable place which he can according to his means provide as a home. Since it is the obligation of the husband to provide a home, his choice in the matter is controlling providing it is exercised in good faith. There is nothing in the record to indicate that the libellant proceeded otherwise than in good faith in the purchase of the home on Washington Avenue. Indeed, as stated, the respondent helped to make it ready for occupancy, but later changed her mind, preferring to live with her mother with whom she had lived for so many years. This amounted to a desertion by the respondent. While under those circumstances it was not incumbent on the libellant to endeavor to resume the marital relationship, it being the duty rather of the respondent under the circumstances to offer to return, the repeated efforts of the libellant to effect a reconciliation and his endeavors to establish his home with the respondent emphasizes the good faith of his actions in the first instance.''

The master was most unfavorably impressed by the respondent's testimony and her general demeanor during the various meetings. Whilst we cannot ascertain her manner from a mere reading of the printed words, we can readily conclude from her testimony that she has no desire to live with her husband, and that the interjection of the alleged improper relation between her husband and sister-in-law is merely to afford some excuse for her continued desertion. No effort ap-

pears to have been made on her part to confirm the suspicions she had in this regard. After a careful reading of the testimony submitted we are convinced that the conclusion reached by the master and the lower court is correct.

The decree of the lower court granting the divorce is affirmed. Appellant to pay the costs.