Sloan *v.* Sloan, Appellant.

Submitted April 20, 1936.

Before KELLER, P. J., CUN-
NINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and
RHODES, JJ.

*Shettig & Nelson* and *John J. Haberstroh,* for appel-
lant.

*H. A. Englehart,* for appellee.

OPINION BY BALDRIGE, J., July 10, 1936:

The respondent has appealed from an order granting
a divorce for desertion. As there was no jury trial, it
devolves upon us to examine and analyze the record and
determine whether the learned court below, who ap-
proved the recommendation of the master, reached a
correct conclusion concerning the issues involved:
Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164
A. 816. We recognize that the report of the master,
who had the advantage of seeing and hearing the wit-
nesses, should be given careful consideration; but it is
only advisory and not controlling. We may accept or
disregard his conclusion. The duty rests upon this
court, before dissolving a marital contract which is of
grave concern not only to the parties but to the state,

to determine, in its independent judgment, whether the libellant has established by clear and competent evidence every essential statutory requirement: Nacrelli et al. v. Nacrelli, 288 Pa. 1, 136 A. 228; Dailey v. Dailey, 105 Pa. Superior Ct. 461, 466, 161 A. 475; Lyons v. Lyons, 116 Pa. Superior Ct. 385, 388, 176 A. 792.

The defense set up in the case in hand is that the libellant, by a course of conduct amounting to indignities and cruel and barbarous treatment, forced the respondent to withdraw from the home. The burden was on the respondent, after a separation for the required period was shown by libellant, to prove by competent evidence a reasonable cause for her action: Mertz v. Mertz, 119 Pa. Superior Ct. 538, 540, 180 A. 708.

The libellant and respondent, both residents of Cresson, were married on the 23d of May, 1921, when each was about 52 years of age. The libellant had seven living children by a previous marriage, three of whom, Dorothy, aged 10, Walter, 11, and Ruth, 15, made their home with their father. The respondent, who had never been married, knew when she entered into the marriage contract that these children would be in the home and that she would be expected to act as a mother toward them. The parties had lived together for a year when the respondent left her husband and remained away approximately three months. According to the libellant's testimony, and it was not denied, she withdrew from the home thereafter on seventy-two different occasions for periods of two days to three weeks.

The evidence further discloses that the libellant, who was employed as a stationary engineer, provided a home with all the necessities of life. He hired a woman to do the scrubbing and washing, authorized the bank to honor his wife's checks and charge them to his account; he permitted her to use his car, and gave her, or allowed her to get, anything that one occupying her station in life could reasonably expect to have. He ap-

parently made a sincere effort to make her comfortable and happy. But the respondent was unable to get along harmoniously with the children, and disputes of one sort or another arose from other causes. In an endeavor to adjust their difficulties, the libellant proposed dividing the house into two apartments, one in which the children would live, but this plan did not meet with his wife's approval. The friction between the children and the stepmother increased, and she finally left a note at the house stating that the two girls, Ruth and Dorothy, would have to leave the home. In a further attempt to pacify his wife, the libellant arranged for the girls to live with one of their married sisters, to whom he paid their board. Unfortunately, this arrangement did not solve their troubles as the clashing and discord continued; but none of the disagreements or quarrels were of a very serious nature. The wife became so dissatisfied that in the late summer of 1927 she permanently withdrew from the home.

It is sufficient to state, without going into the details, that the respondent charged and attempted to prove that the libellant had a violent temper, used profane language, made threats, assaulted her, sought to have unnatural intercourse, etc. The more important charges were denied by the libellant, and, after a careful examination of the testimony upon the part of the respondent, we have concluded that some are not true and others have been considerably exaggerated. Undoubtedly there were heated arguments in this family, and apparently the libellant on occasions lost control of his temper, but we think the respondent failed to prove facts serious enough to warrant the desertion. The libellant kept the house open and very shortly after the respondent's departure he asked her to return, but she refused. We are convinced that the respondent's evidence failed to stand the legal test, that is, before the separation could be justified, credible testimony should

have been produced showing such conduct by the libellant as would itself warrant a divorce. See Thomas v. Thomas, 96 Pa. Superior Ct. 258. We said in Strobel v. Strobel, 100 Pa. Superior Ct. 536, 540: "The respondent contends that she was compelled to leave the libellant because of his cruelty and indignities. If a desertion occurs, as appears here, and is without sufficient legal, reasonable cause, it is presumed to be wilful and malicious, and if persisted in for two years or more, the injured party will be entitled to a divorce [citing cases]. The legal cause to withdraw from the marital relation must be such as will authorize a dissolution of the marriage bond."

We have not overlooked the fact that respondent obtained an order from the lower court for nonsupport. While such action of the court is to be considered, it does not bar a libellant from obtaining a divorce on the ground of desertion upon proper cause shown: Loughney v. Loughney, 111 Pa. Superior Ct. 214, 220, 169 A. 460; Strathern v. Strathern, 118 Pa. Superior Ct. 479, 484, 179 A. 915.

After a review of this record, we find ourselves in accord with the conclusions of the master and the learned court below.

Decree is affirmed.