### Moser, Appellant, *v.* Moser.

Argued November 10, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*Paul A. Mueller* of *Windolph & Mueller,* with him
*W. G. Johnstone, Jr.,* for appellant.

No appearance was made, nor brief filed, for appellee.

OPINION BY STADTFELD, J., January 29, 1937:

On August 20, 1935, the libellant, Elva S. Moser,
filed her libel in divorce in the Court of Common Pleas
of Lancaster County on the ground of wilful and mali-
cious desertion.

The respondent did not file any answer, or have any
appearance entered for him, or appear at the hearing.

The testimony taken before the master disclosed the
following facts: The parties to this proceeding were
married in Lancaster, Pennsylvania, on February 15,
1930. They were the parents of a child, born prior to
their marriage, and about one year old at the time of
the marriage. Within a month after the marriage, the
respondent began ordering the libellant to take their
child to her mother's home and leave him there. Be-
ginning at the same time, the respondent further told

the libellant that if she did not take the boy to her mother's home and leave him there he (the respondent) was not going to keep the boy or have him in the home. When the libellant refused to obey these commands, the respondent told her to leave. He also threatened to take the child away from the libellant if she did not leave. Between March, 1930, and June, 1930, the respondent repeated these orders and threats practically every week. On June 5, 1930, when the respondent again directed the libellant to place the child with her mother or leave, the libellant left.

Subsequent to June 5, 1930, the libellant had the respondent arrested for non-support. When the case came on for hearing the Quarter Sessions Court of Lancaster County told the parties to this proceeding to reconcile their differences and directed the respondent to find a cheaper place to live and to give the libellant more money to maintain their home. On June 17, 1930, the attorney for the respondent called the libellant on the telephone and informed her that the respondent wished her to come back and to make supper for him that night. She obeyed this request and went back. When the respondent came home from work he asked the libellant what she was doing there and when informed that his lawyer had asked her to come back, the respondent replied that "He did not tell the lawyer that and I should go again." Because of the lateness of the hour the libellant did not leave until the next day, June 18, 1930. Since June 5, 1930, the parties have not lived and cohabited together as man and wife. Two weeks thereafter, the Court of Quarter Sessions made a maintenance order of $6.00 per week against the respondent for the support of the libellant and their child. The respondent paid this order until April, 1931, but has paid nothing since.

The master recommended that the libel be dismissed; and on May 22, 1936, the court in an opinion by ATLEE,

P. J., adopted the report and recommendation of the master and dismissed the libel. From that order, libellant appealed.

The lower court was of the opinion that the facts in the case, as a matter of law, do not constitute wilful and malicious desertion, under our statutes, so as to entitle the libellant to a divorce.

It is our duty to review all of the testimony and to make our independent findings. *Walsh v. Walsh,* 117 Pa. Superior Ct. 579, 178 A. 399; *Sloan v. Sloan,* 122 Pa. Superior Ct. 238, 186 A. 219; *Nacrelli v. Nacrelli,* 288 Pa. 1, 136 A. 228.

The report of the master refused a divorce on the ground that the proof submitted by the libellant does not meet the requirements of the Act of Assembly defining the grounds on which the divorce is sought and cites *Knipe v. Knipe,* 84 Pa. Superior Ct. 451 in support of his conclusion. The lower court on its independent consideration, adopted the report of the master and dismissed exceptions thereto.

We quote, as did the master, from the case referred to, on p. 453: " 'He permitted them to go penniless and refused to provide any longer for them. He told her, the libellant, to go home and she had nothing else to do. He has never since provided a home and support for her and the children and has never offered them any.' We agree with the court below, although this case is a hard one and may well move one's sympathy, that in conformity to the standards set by law, we must refuse the divorce. The libellant having left her husband, she must show that she was justified in her course. ...... What was said in *Ingersoll v. Ingersoll,* 49 Pa. 249, 251, may well be applied to the present case, 'The neglect of the husband to provide for his wife, as he was bound to do, and his acquiescence in her leaving him to seek from her kinsfolk the support which he owed her, are fully established in the proofs,

184

but evidence is wholly wanting of that 'wilful and malicious desertion and absence from the habitation of the wife, without a reasonable cause for and during the term and space of two years', which is necessary under our statute to support her libel for a divorce. Instead of the husband's desertion, she left him, with his consent to be sure, and for the best of reasons, and so was not, herself, guilty of desertion, but if her voluntary withdrawal was not desertion on her part, much less can it be considered as desertion on his part."

Irrespective of whether the conduct of respondent, as testified to by libellant, constituted such indignities to the person as might under a proper libel, entitle her to a decree, it did not constitute a desertion on the part to entitle her to a decree on that ground.

After a careful consideration of the entire testimony, we have come to the same conclusion as did the lower court.

The assignment of error is overruled and decree affirmed.