LaPietra *v.* LaPietra, Appellant.

Argued March 11, 1943. Before Keller, P. J., Baldrige, Stadtfeld, Rhodes, Hirt, Kenworthey and Reno, JJ.

*Maurice Metzger,* of *Metzger & Wickersham,* for appellant.

*Maurice Yoffee,* with him *Caldwell, Fox & Stoner,* for appellee.

Opinion by Reno, J., July 16, 1943:

The husband charged his wife with desertion, in-

dignities and cruelty. The wife, in her answer, admitted the separation but denied the other charges. She alleged that the separation was justified by his cruelty and indignities. The master recommended that a decree be refused. In the court below, upon the argument of libellant's exceptions to the master's report, he withdrew his charges of indignities and cruelty. The court below granted a divorce for desertion. The wife's appeal brought the case here.

The parties were married in 1935 and lived with the wife's parents. This proved to be an unhappy arrangement and their rather frequent quarrels were largely fomented by the wife's parents. We agree with the learned Judge Rupp, who wrote the opinion for the court below, that "neither spouse afforded treatment to the other which amounted to cruelty and indignities for which they would have been entitled to a divorce."

The desertion was laid as of July 18, 1938. Upon that day, during a quarrel started by the respondent's father, the libellant was forcibly ejected from the house by respondent's father aided by the respondent. His efforts to return to the house during several succeeding days were futile and when he met the respondent on the outside of the house, she said, "My father don't want you here; I don't want you here; so get out and stay out." Before the master the father-in-law testified, "He wanted to come back but I don't let him in; he did try to come back."

Upon several occasions thereafter libellant requested respondent to leave the home of her parents and live with him. These offers were made in good faith and, therefore, unless the respondent demonstrated that her refusal to live with him was based upon conduct of her husband which gave her valid grounds for divorce, she was guilty of desertion. The burden of proof was upon her: *Strobel v. Strobel,* 100 Pa. Superior Ct. 536, *Lyons v. Lyons,* 116 Pa. Superior Ct. 385, 176 A. 792;

*Laterza v. Laterza,* 124 Pa. Superior Ct. 103, 188 A. 89. Our independent study of the testimony convinces us that she was not justified in her refusal to live with the libellant in a separate household. It is the duty of the wife to live with her husband at such reasonable place as he can, according to his means, provide as a home. It is the obligation of the husband to provide a home and his choice in the matter is controlling if it is exercised in good faith: *MacDonald v. MacDonald,* 108 Pa. Superior Ct. 80, 164 A. 830.

The decree is affirmed.