## Pfeiffer *v.* Pfeiffer, Appellant.

Argued December 7, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*D. M. Garrahan,* for appellant.

*Orrin E. Boyle,* for appellee.

OPINION BY HIRT, J., January 27, 1944:

From the testimony, both the master and the lower court found clear and satisfactory proof of desertion by the wife and a divorce was granted on that ground.

The parties were married in Austria in 1920; they came to Allentown two years later and lived as husband and wife in Lehigh County until August 15, 1935. Libellant is a laborer; both parties were employed while they lived together and they accumulated savings in a moderate amount. Respondent had worked with a Mr. Frederick at a club and left with him in 1935 to operate a licensed hotel at Best Station. Without the knowledge of libellant, respondent gave Frederick $500 of their joint savings as her share of the investment in the venture. Libellant lived with respondent in the hotel until August 15, 1935 when he left. They have not lived together since that date. The immediate cause of the separation does not clearly appear. He complains of Frederick's acts of familiarity with his wife and also that Best Station was too far from his work.

He was reconciled to losing the investment in the hotel and, on leaving, requested his wife to return with him to live in Allentown. The request was renewed, under circumstances which convince us of libellant's good faith, on a number of subsequent occasions. Later in the same month he asked her to return to him and again on Thanksgiving Day, 1935. All of these requests were either refused or were met in silence. In January 1936 libellant arranged to rent a house in

Allentown; he notified respondent of the fact and requested her to live with him there. The owner of the premises testified to giving an option of a lease to libellant, conditioned on the wife's return, and there is some evidence of a written memorandum to that effect. The respondent admitted that libellant told her that he had arranged to rent the house but she refused to test the sincerity of his offer by agreeing to live with him there. Libellant is corroborated by a number of witnesses both as to his requests and respondent's refusal to return to him. She undoubtedly preferred working with Frederick to life with the libellant. She continued in her association with Frederick at Best Hotel and later at another hotel until his death in November 1938. Since then she has been living and working in Allentown. She has never offered to return to libellant.

It is the duty of a wife to live with her husband in any home provided by him which is reasonably suitable according to his means. The choice of a home by the husband is controlling if made in good faith. And when, on leaving Best Hotel, libellant requested his wife to return with him to live in Allentown, her refusal amounted to desertion. There was no obligation on him to renew a bona fide offer, once made. On the other hand it was then for the respondent to indicate a willingness to resume cohabitation with him if she would avoid the effect of her prior refusal to return. Libellant's subsequent offers, though not essential to his case, are evidence of his good faith in his continued effort to preserve the marriage. *MacDonald v. MacDonald*, 108 Pa. Superior Ct. 80, 164 A. 830.

Assuming that respondent, following the separation, was justified in remaining at Best Hotel for a time, to protect her financial investment, there is no justification in her embarking in a second similar enterprise nor in persisting in the separation after that had ended.

Libellant testified that while they lived at the hotel, his wife indicated an unwillingness to "stick with him." In our view, the testimony clearly indicates an intention on her part, in August 1935, to desert him. Libellant on the other hand at no time acquiesced in the separation. After the wife's first refusal to live with him in Allentown he persisted in the attempt to effect a reconciliation in sincerity and good faith and, as we view the testimony, not merely for the purpose of laying a foundation for an action in divorce. Cf. *Detz v. Detz*, 145 Pa. Superior Ct. 136, 21 A. 2d 424.

Decree affirmed at the costs of respondent.