Lubic *v.* Lubic, Appellant.

Argued April 20, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY and RENO, JJ.
(JAMES, J., absent).

*R. E. McCreary* of *Bradshaw, McCreary & Reed,* for
appellant.

*Ralph E. Smith* with him *Myron E. Rowley,* of *Rowley
& Smith,* for appellee.

OPINION BY RHODES, J., July 15, 1944:

Respondent has appealed from the decree of the court
below granting a divorce to libellant. In his libel,
libellant charged respondent with wilful and malicious
desertion.

The parties were married on May 26, 1935. They lived together in Clearfield, Pa., for four days. Respondent's home was in Clearfield. On or about May 30, 1935, libellant left respondent and returned to the home of his mother in Ambridge, Pa. The reason given for his departure was to obtain work. A child was born on August 10, 1935, but subsequently died on January 23, 1936. Libellant's mother, by letter of June 23, 1935, asked respondent to come and live with her, but on July 9, 1935, libellant wrote respondent a letter which contained the following: "Listen I don't know what my mother wrote to you and I don't care. ...... Now listen Lerose [respondent] I'll leave here if you come out. I'm not in love with you and I don't like you, and if my [mother] does send you money to come out here and live we couldn't get along." At that time libellant was still living with his mother. Several similar letters followed from libellant to respondent. The parties have not lived together since May, 1935, and we do not believe that libellant at any time offered to provide a home for respondent or asked her to come and live with him. The evidence is clear as to his attitude and intentions. The desertion which entitles an injured and innocent spouse to a divorce is "an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years. The guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other": *Ingersoll v. Ingersoll,* 49 Pa. 249, at page 251; *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 539, 180 A. 708, 709. There is no such proof of the desertion alleged in the libel,[1] and a divorce

---

[1] "8. After securing work, the libellant wrote to the respondent in August of 1935 and requested her to come to Ambridge, Pennsylvania, to live with him. This she refused to do and has continued to refuse to live with the libellant, and has wilfully and without cause continued in this desertion continuously since August of 1935."

will not be granted unless the ground alleged in the libel is clearly established. *Lewis v. Lewis,* 95 Pa. Superior Ct. 584, 588; *Weisbrod v. Weisbrod,* 103 Pa. Superior Ct. 267, 156 A. 542.

The master recommended that a divorce be refused. Exceptions were filed by libellant to the master's report. They were sustained by the court below, and a final decree entered. Assuming that respondent had been guilty of adultery, that ground was not alleged in the libel. "The Divorce Law" of May 2, 1929, P. L. 1237, §10, as amended, 23 PS §10, sets forth the grounds for divorce. Section 10(c) provides for a divorce from the bond of matrimony on the ground of adultery, and section 10(d) provides for the same thing on the ground of wilful and malicious desertion. These grounds for divorce are separate and distinct and manifestly different. Each requires for its support a different line of proof; and we have said that: "The libellant cannot have a decree of divorce upon any ground other than that alleged in his libel": *Moses v. Moses,* 77 Pa. Superior Ct. 154, at page 156.

In *Bowman's Estate,* 301 Pa. 337, 152 A. 38, in considering section 6 of the Act of June 7, 1917, P. L. 429, 20 PS §42, it was held that, where husband and wife separate by consent, and one of the parties during the period of separation commits an act for which the other party could have procured a divorce, the element of consent thereafter is turned into wilfulness and malice; and that, if, after separation, the wife commits adultery, the separation from that time on becomes desertion within the meaning of that act, and deprives her of all interest in her husband's estate. See, also, *Lodge's Estate,* 287 Pa. 184, 134 A. 472. But under the Act of May 2, 1929, P. L. 1237, as amended, 23 PS §1 et seq., we are of the opinion that libellant is not entitled to a decree in divorce upon proof of respondent's adultery

where the specific and only ground averred in his libel is wilful and malicious desertion, and where, as here, the time and nature of the desertion is definitely alleged. See *Miller v. Miller,* 33 Luzerne Legal Reg. Rep. 478. There was no application made to amend the libel in any respect. See Act of May 2, 1929, P. L. 1237, §25, as amended, 23 PS §25; *Stein v. Stein,* 119 Pa. Superior Ct. 276, 280, 180 A. 763.

Decree of the court below is reversed, and the libel is dismissed, at the cost of libellant.