## Barnes v. Barnes, Appellant.

Argued October 4, 1944.   Before KELLER, P. J., BALD-RIGE, RHODES, HIRT, RENO and JAMES, JJ.

*William T. Connor,* with him *Hardie Scott* and *John R. K. Scott,* for appellant.

*Maurice W. Sloan, Jr.,* for appellee.

OPINION BY RHODES, J., December 13, 1944:

The issue in this divorce case is whether there was a consent separation or a wilful and malicious desertion.

We agree with the judge in the court below, who heard the case, that libellant is entitled to a divorce on the ground of desertion.   Respondent has appealed from the decree.

Libellant and respondent were married on September 23, 1914. They lived together at various places in Philadelphia until December 6, 1938. For some time prior thereto they resided at 5324 Large Street, Philadelphia. Their marital life had not been entirely harmonious. Respondent was engaged in business, which apparently caused financial troubles between herself and libellant. She was of a dominating nature and paid little attention to the wishes of libellant. They engaged in discussions prior to December 6, 1938, relative to moving to a new home. On her own responsibility, and without libellant's consent, she rented a house in Fox Chase, Philadelphia, and on December 6, 1938, while libellant was at work, she moved all of their household goods and possessions, including libellant's clothing, to the new location. That evening libellant came home to an empty house; respondent had left a letter pinned on a door, stating that she had moved, giving the new address, and impliedly inviting him to join respondent and their daughter. Libellant replied by writing a letter to respondent, on December 12, 1938, wherein he stated that he was surprised to find the house empty when he returned on the evening of December 6th, and that she knew such action upon her part was against his wish and judgment. He concluded by saying: "I hope you see your mistake, will do what is right, and come back to live with me."

Respondent had no reason to leave, and she did not act with libellant's acquiescence, nor did her withdrawal receive the subsequent approbation of libellant. Respondent never made any offer to return to libellant, and no further attempt at reconciliation was necessary, under the circumstances, on the part of libellant. *Thomas v. Thomas*, 133 Pa. Superior Ct. 12, 17, 1 A. 2d 686; *Winner v. Winner*, 122 Pa. Superior Ct. 382, 384, 186 A. 245. Libellant did not close the door to respondent's return during the time that she might have ended the desertion by pursuing a proper course.

Libellant had provided a home for respondent in which to live with her and their daughter. He provided the means of support. Her leaving was not with his consent, and it was not based on any reasonable cause. She apparently assumed that she was head of the family, and that libellant had no prerogatives.

" 'It is, of course, the duty of a wife to live with her husband at such reasonable place which he can according to his means provide as a home. Since it is the obligation of the husband to provide a home, his choice in the matter is controlling providing it is exercised in good faith' ": *MacDonald v. MacDonald,* 108 Pa. Superior Ct. 80, at page 83, 164 A. 830; *Mather v. Mather (No. 1),* 143 Pa. Superior Ct. 589, 601, 18 A. 2d 484. We have said that the desertion which entitles an injured and innocent spouse to a divorce is "an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without cause, for two years": *Ingersoll v. Ingersoll,* 49 Pa. 249, at page 251. See section 10, "The Divorce Law" of May 2, 1929, P. L. 1237, as amended, 23 PS §10. We have also said that the guilty intent is manifested when, without cause or consent, either party withdraws from the residence of the other. *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 539, 180 A. 708, 709; *Lubic v. Lubic,* 155 Pa. Superior Ct. 251, 252, 38 A. 2d 513.

We think the desertion alleged in the libel was clearly established.

The decree of the court below is affirmed.