## Libshitz, Appellant, *v.* Libshitz.

Argued 'Oct. 4, 1944. Before KELLER, P. J., BALDRIGE, HIRT, RENO and JAMES, JJ. (RHODES, J., absent)

*Aaron Trasoff,* for appellant.

*Domenic Furia,* for appellee.

OPINION BY BALDRIGE, J., October 27, 1944:

The appellant filed a libel in divorce alleging wilful and malicious desertion. A master was appointed who, after hearing the testimony, concluded that "the libellant never provided any habitation in which to live with respondent" and that her refusal to leave her mother's home and establish a separate residence with libellant was not without cause and recommended the divorce be refused. The lower court in passing upon exceptions to the master's report found that the libellant failed to meet the burden of establishing the alleged desertion by clear and satisfactory proof and dismissed the libel.

The parties, each now about 33 years of age, were born in Philadelphia where they have always resided. They were married October 23, 1938, and went to live in the home of respondent's mother. They remained there until July 17, 1939, the date of the alleged desertion, when the libellant left his wife and went to live with his mother. They have one child born May 12, 1939, who is living with the respondent. At the time of the marriage libellant was unemployed and did not get work until the middle of December 1938, when he obtained a job with an uncle in a grocery store receiving at first $25 per week, which was increased to $30.

He left that employment in April 1939, and was then idle again for about a month when he went to work for his father until the middle of June at a wage of $15 per week. The wife at the time of her marriage was employed as a secretary and bookkeeper and continued to work until about 2 or 3 weeks prior to the birth of her baby. She had not fully recovered her strength after her confinement or resumed her work when her husband left her.

The libellant testified that he was not satisfied living at the home of his wife's mother. He wanted to secure their own home, but his wife refused to agree to move and stated to him that she did not care where he went, she intended to remain where she was.

The respondent testified that when her husband broached the subject of moving she expressed a desire to remain at her mother's home, as she was then pregnant, until the baby was born; that she told her husband after the birth she would be willing to go with him when physically able; that a few days before he left he told her he had found an apartment and she again said that she would leave her mother's home provided her husband could obtain employment and keep it for six weeks. Her version of the separation and the events that followed was that her husband came to the house on Monday, July 17, 1939, went upstairs, packed all his clothes in a bag and said that he was leaving and going to his mother's house; that about a month later they met in a public square by prearrangement, so that he could see his son, at which time he made no request for the respondent to return to him. Sometime during November 1939, he called her on the telephone and said: "I am not for you and you are not for me; I want a divorce." The libellant denied this conversation and stated that he told his wife that they were too young to be separated and should have a home of their own. While living at the respondent's mother's home he paid board at the rate of $10 per week be-

fore the child was born and $15 thereafter, but it seems he fell in arrears in his payments to some extent. After the separation the libellant endeavored to obtain employment, but was unsuccessful until a month or 5 weeks after the separation, when he secured an agency for a slicing machine company, in which undertaking he lost money and said he "went broke" at the end of 2½ months. He then worked in promoting the sale of magazines and at the end of 4½ months he quit as he lost money in that venture. Sometime later, for a short period, he had a part time job in a shoe store. Apparently he was unable to hold steadily a job, or earn reasonable wages. True, he had a few hundred dollars at the time he left his wife, but he soon lost that; he never had an income or other means sufficient to set up a separate establishment and maintain his family.

We have but briefly referred to the testimony, but we have considered all of it. In short, the husband's principal complaint is that his wife refused to leave the security of her mother's home when he was out of work and had not established a separate home and did not have sufficient means to furnish living quarters and keep his family. In such circumstances her conduct did not constitute a wilful and malicious desertion: *Trussell v. Trussell,* 116 Pa. Superior Ct. 592, 598, 177 A. 215. Her request that he prove his ability to get work and keep it for a brief time so that she might have some assurance of his good faith and his ability to provide for her and the baby was very reasonable. There was nothing arbitrary or capricious about her insisting upon the performance of such a condition. His subsequent experience in failing to obtain employment tends to confirm the view that the wife exercised good judgment.

Undoubtedly, it is a wife's duty to live with her husband at such a reasonable place as his means could afford and his choice is controlling if exercised in good faith: *MacDonald v. MacDonald,* 108 Pa. Su-

perior Ct. 80, 83, 164 A. 830. But the husband must act within reason and not arbitrarily, and is required to have due regard for the comfort and welfare of his wife: *Rood v. Rood,* 117 Pa. Superior Ct. 291, 293, 178 A. 173.

We concur with the view of the learned court below that the offer to provide a home made by the husband in a letter, which he was careful to register, was not made in sincerity, but simply for the purpose of laying a foundation for this action. See *Jones v. Jones,* 144 Pa. Superior Ct. 372, 380, 19 A. 2d 480. The libellant was compelled to rely upon his own testimony. If it had been clear and convincing he was not necessarily barred from obtaining a divorce, but as it was contradicted and shaken upon many material matters, a case of desertion was not made out: *Taylor v. Taylor,* 142 Pa. Superior Ct. 441, 444, 16 A. 2d 651.

We fail to find that the respondent, without cause, persistently refused for the statutory period of 2 years to join libellant in establishing a home of their own: *Detz v. Detz,* 145 Pa. Superior Ct. 136, 21 A. 2d 424.

Decree of the lower court is affirmed at appellant's costs.