## Fuller *v.* Fuller, Appellant.

Argued November 20, 1945. Before BALDRIGE, P. J., RHODES, RENO, DITHRICH, ROSS and ARNOLD, JJ. (HIRT, J., absent).

*Michael A. Foley,* for appellant.

*Gilbert Cassidy, Jr.,* for appellee.

PER CURIAM, January 18, 1946:

The husband filed a libel in divorce charging indignities to the person and desertion. The master, appointed by the court, recommended that the libel be dismissed as the evidence failed to support the charges. The court below sustained exceptions to the master's report and granted a divorce on the grounds of indignities and desertion. The case is here upon respondent's appeal.

The parties were married on June 5, 1909. Apparently they lived together normally and harmoniously until 1939 when their daughter Virginia and her husband, William F. Rommell, came to live with them. The presence in the household of Rommell, with whom it is alleged the respondent became infatuated, was the chief source of the domestic trouble.

We will not attempt to detail the conduct of the respondent and Rommell until the libellant left their home December 28, 1941, as that would not serve any good purpose. It is sufficient to state that after a careful review of the record, we are unable to give full credence to the testimony of the respondent and her witnesses. We have concluded, as did the court below, that the libellant established by convincing evidence that the respondent offered such indignities to his person as to entitle him to a divorce, and that he, after trying unsuccessfully to correct his wife's conduct, was warranted in leaving their home and her unjustifiable refusal to follow him to a new home constituted a legal desertion. It is the duty of a husband to provide a home according to his means, and his choice is controlling if exercised in good faith, and it is incumbent upon a wife in such

circumstances to abide by his selection and live with him: *Caldwell v. Caldwell,* 70 Pa. Superior Ct. 332; *MacDonald v. MacDonald,* 108 Pa. Superior Ct. 80, 164 A. 830; *Detz v. Detz,* 145 Pa. Superior Ct. 136, 21 A. 2d 424; *Bates v. Bates,* 153 Pa. Superior Ct. 133, 33 A. 2d 281; *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 40 A. 2d 108.

The decree of the lower court is affirmed.