## Testa v. Testa

*Edwin K. Logan,* for plaintiff.

*Thomas V. Mansell,* for defendant.

BRAHAM, P. J., February 23, 1951.—Plaintiff in this action for divorce alleges desertion by his wife on or about January 1, 1948, and indignities to the person

as grounds for divorce. Defendant sought and obtained a bill of particulars and an order for alimony and counsel fees but did not file an answer and did not contest the divorce.

The difficulty with this case is that by proceedings at December sessions, 1949, no. 24, the court found plaintiff guilty of failure to support his wife and child and imposed an order upon him for their support. This order was made on October 26, 1949.

Here is plaintiff who testified that his wife deserted him in January 1948, confronted with an order of this court, made within the two-year period for desertion, finding plaintiff guilty of desertion of and failure to support his wife and child. This order is not conclusive as to plaintiff's right to a divorce (Sloan v. Sloan, 122 Pa. Superior Ct. 238, 242), but it is evidence against him: Hahn v. Bealor, 132 Pa. 242.

This case points up a weakness in the practice in those sessions of the court of quarter sessions known particularly as desertion and nonsupport court. Commonly an order is made against a defendant without indicating whether the order involves a finding of desertion on the part of the husband or only a failure to support a wife with whom he is living. The whole subject receives very enlightening treatment in 1 Freedman on Law of Marriage and Divorce in Pennsylvania, par. 249, page 639. The practice in our courts in this particular needs to be improved.

On the basis of the evidence now before us and without contradiction plaintiff makes out a case of a wife who had bad health and for whom he provided poorly, who nevertheless refused to live with him. No indignities to the person were shown.

Entertaining these views a decree of divorce is directed to issue this day.