## Ruf *v.* Ruf, Appellant.

Argued March 19, 1951. Before RHODES, P. J., HIRT, RENO, ROSS, ARNOLD and GUNTHER, JJ. (DITHRICH, J., absent).

*Gilbert S. Levitt*, with him *Samuel F. Pepper*, for appellant.

*Foster A. Dunlap*, for appellee.

OPINION BY ARNOLD, J., July 19, 1951:

In this divorce case the court below, affirming the master's report, granted a divorce to the husband on the ground of desertion. The wife-defendant appeals.

After an independent examination of the testimony we come to the same conclusion. Appellant's sole contention is that after the separation the plaintiff failed to show a good faith offer of reconciliation.

The parties were married in 1915 and are approximately 60 years of age. They resided in Philadelphia and lived in apparent harmony until 1935, when, because of her dissatisfaction with the husband's low income, the wife insisted on moving from the home they

owned, to operate a boarding house. The plaintiff objected to this. The boarding house venture was unsuccessful, and the wife, again over the plaintiff's objection, rented another boarding house. In 1935 the husband went to Florida in an unsuccessful attempt to obtain employment. He returned in 1936, and renewed his request that they return to their former home, to be supported by his income, but she refused. The parties, however, lived together until 1938, when the husband entered a hospital for treatment, where he remained several months, during which period the defendant neither visited him nor had any communication with him. She gave as an excuse that she had an ulcerated leg. Upon his discharge on March 12, 1938, he did not return to the boarding house, but went to a friend's home.

Defendant had him arrested for non-support and an order was made for the support of the children but not for the wife. Prior to the hearing the parties lunched together and the plaintiff asked her to come back and live with him in their own home and to forget all past difficulties. The defendant refused. At the divorce hearing she gave as a reason that she "couldn't get along on $8 or $10 a week", *and also that she "wasn't going to give up her business"*. Plaintiff returned to their home about a month later. There were no further attempts at reconciliation.

The wife denied the offer of reconciliation and claimed that her husband had been a heavy drinker and was guilty of infidelity. The master refused to believe this, as did the court below. The master reported that the plaintiff was both sincere and truthful, and acted in good faith in requesting the wife to return and live with him in their home. The report of the master on credibility is entitled to the highest consideration, he having seen and heard the witnesses: *McMahon v. McMahon*, 167 Pa. Superior Ct. 51, 74 A. 2d 718. An

independent examination of the record likewise convinces us of the credibility of the husband.

If exercised in good faith, the husband's choice of a home, according to his means, is controlling, and the wife in such circumstances must abide by his decision and live with him: *Fuller v. Fuller,* 158 Pa. Superior Ct. 378, 45 A. 2d 231. Where she fails to comply with this duty she is guilty of desertion, and no further offer of reconciliation need be made by the husband: *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 40 A. 2d 108. Here, however, the husband did, in good faith, offer to provide an available and suitable home. The wife had no legal justification for failing to follow him. Her contention that the offer of reconciliation was not made in good faith is without merit.

Decree affirmed.