Knaus, Appellant, *v.* Knaus.

Argued November 18, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

112

■■■■

*John B. Nicklas, Jr.,* with him *Willard F. Agnew* and *McCrady & Nicklas,* for appellant.

*S. Krimsly,* for appellee.

OPINION BY GUNTHER, J., March 17, 1953:

The wife appellant filed her suit in divorce a mensa et thoro, alleging three grounds: cruelty, indignities, and desertion. The husband appellee had previously instituted his action for absolute divorce alleging similar grounds and both cases were heard together. The court below dismissed both complaints. The wife alone has appealed.

The parties were married August 13, 1941. There were apparently no marital difficulties until December 1945 when appellant discovered her pregnancy. Her husband did not want a child and urged her then, and often thereafter, to have an abortion performed, which she refused to do. The husband had re-enlisted in the Army in late 1945 and remained in the service until March, 1948, which also included a tour of duty in Korea from July 1946 to late in 1947. It is undisputed that the parties have not cohabited as man and wife since January, 1946.

We find no merit in this appeal. The charge of cruel and barbarous treatment is based on a single incident in which, during an argument over appellant's pregnancy, appellee pushed her across a bed. This is a far cry from the requirement of a disposition leading to conduct of physical violence or a course of treat-

ment rendering further cohabitation unsafe. Cf. *Huston v. Huston,* 130 Pa. Superior Ct. 501, 197 A. 774. Nor can the husband's pleas for an abortion constitute cruelty, for no physical violence was even remotely threatened thereby.

The charge of indignities falls short of the requirement, in the light of all the evidence. To constitute indignities the husband must be shown to have continuously and persistently conducted himself as to demonstrate that love and affection were replaced by settled hatred and estrangement, and such conduct must have made the wife's life intolerable and burdensome. *Phipps v. Phipps,* 368 Pa. 291, 81 A. 2d 523; *Trimbur v. Trimbur,* 171 Pa. Superior Ct. 541, 91 A. 2d 307. To substantiate this charge, appellant points to her husband's requests that she procure an abortion. During her pregnancy he wrote her several letters from his army post to that effect. The most that can be gleaned from these letters is that appellee wanted no children and had a tendency to shirk marital responsibilities. After their child was born, appellee was in Korea, until late 1947, during which time he sent her support allotments, but failed to write to her. After his separation from the service he ignored her and withdrew support. Essentially that is appellant's case on the charge of indignities, a patently inadequate set of facts. There is little or no evidence of the usual ingredients of indignities, such as malignant ridicule, habitual contumely, unmerited reproach, and the like.

The charge of desertion is likewise unproven. The Divorce Law of May 2, 1929, P. L. 1237, §11, 23 PS §11, provides for a divorce a mensa et thoro when a husband has "maliciously abandoned his family." A mere absence is insufficient; there must be a wilful abandonment coupled with failure to support. *McMahon v. McMahon,* 167 Pa. Superior Ct. 51, 74 A. 2d 718. There

was admittedly no intercourse after January 1946 and previous to that, for several months there had been no consistent cohabitation. Appellee had returned to the army in the autumn of 1945, but appellant failed to accompany him. Instead she visited him several times until their argument over her pregnancy; thereafter they corresponded until he went overseas and he continued to send her allotments. This evidence indicates a consensual arrangement, or possibly a separation of necessity. There was some evidence that appellee was unable to obtain living quarters, but there is, at any rate, no evidence that appellant protested over the separation. The facts of continued support and communication clearly negate an inference of a wilful and malicious abandonment. Nor does the later withdrawal of support change the consensual nature of the separation into malice. Though appellee since his return in 1948 has ignored appellant, she made only one attempt even to speak to him, and she now alleges that such attempt was made with a reconciliation in mind. We are not persuaded that appellant made sufficient moves toward ending the originally consensual separation to convince us that she really preferred to cohabit with appellee.

Decree affirmed.