Totino, Appellant, *v.* Totino.

Argued April 15, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Eugene A. Caputo,* for appellant.

*Norman S. Faulk,* for appellee.

OPINION BY WRIGHT, J., July 13, 1954:

Frank A. Totino instituted an action in divorce a.v.m. against his wife, Clara Totino, on the ground of desertion. The master recommended a decree. The court below sustained exceptions filed by the wife, and dismissed the complaint. The husband has appealed.

The parties were married on September 4, 1930. Each is now forty-three years of age. Until the date of the separation their residence was in Hillsville, Lawrence County. With them lived appellant's father. In 1942, appellant obtained work with the A. M. Byers Company in Ambridge, Beaver County, about 45 miles from Hillsville. Because of the distance, he did not commute daily between his home and his job. Instead, he rented a room in Ambridge where he stayed while he was working. He would return to Hillsville on weekends and during his days off. However, as time went on, these visits grew less and less frequent, and he did not spend more than a few hours a month in Hillsville. He would return there occasionally, between shifts, principally to get clean laundry. The parties did not share the same bed for two years prior to 1947. Appellant gave his wife a telephone number at the plant where he worked, but refused to give her the number of the telephone at his rooming house, or to inform her where it was located. She constantly requested appellant to obtain a home in or near Ambridge, so that the family might live together there. He made no effort to do so and, when appellee on her own initiative secured an apartment in Ambridge, he refused to take it. Subsequently, appellee heard rumors that appellant was associating with another woman in Ambridge. When she questioned appellant about the situation, he refused to discuss it. On November 6, 1947, while appellant was in Hillsville she informed him that if he did not stay with her that night or take her with him, he was to remove his father, as she did not intend to remain, and the father could not stay alone. Appellant then took his father to a sister's residence, and appellee went with their daughter to the house of a relative. In February, 1948, in the Court of Quarter Sessions of Lawrence County, ap-

pellee obtained an order against appellant for the support of herself and daughter.[1] In May, 1948, appellee moved to Brooklyn, where she established a residence so that the daughter could attend college. This arrangement was apparently made with appellant's approval.

Appellant's contentions are as follows: "1. Where the husband, in good faith and according to his means, establishes a home for his wife, is she justified in abandoning that home for the reason that the husband's employment requires him to be away from the home during the greater portion of the time. 2. Does the husband's rejection of the wife's offer to return to the family home on her own conditions that he either give up his job or move the family home show that he consents to the separation". Appellee raised a question in the lower court as to venue, which was ruled adversely to her contention. The matter was not pressed in the argument before us, and it is unnecessary to discuss it.

The Act of May 2, 1929, P. L. 1237, §10, as amended, 23 PS §10, provides that it shall be lawful for the innocent and injured spouse to obtain a divorce whenever the other spouse "shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years . . ." As defined in the early case of *Ingersoll v. Ingersoll*, 49 Pa. 249, "Desertion is an actual abandonment of matrimonial cohabitation, with an intent to desert, wilfully and maliciously persisted in, without

---

[1] This circumstance is to be given consideration, although it would not of itself bar the husband's right to a divorce on the ground of desertion upon proper causes shown: *Loughney v. Loughney*, 111 Pa. Superior Ct. 214, 169 A. 460; *Sloan v. Sloan*, 122 Pa. Superior Ct. 238, 186 A. 219.

cause, for two years". Where there has been a separation for the required period, the burden is on the defendant to prove consent or a reasonable cause for withdrawing from the matrimonial domicile: *Dougherty v. Dougherty*, 166 Pa. Superior Ct. 219, 70 A. 2d 411. However, desertion is reduced to the status of separation if, at any time within the two-year period, plaintiff manifests his consent to or encouragement of defendant's absence. What constitutes consent to a separation must be determined by examining the conduct of the parties, and ascertaining what is its reasonable effect: *Duncan v. Duncan*, 171 Pa. Superior Ct. 69, 90 A. 2d 357. The intent to desert must have been wilfully and maliciously persisted in for the entire period: *Noden v. Noden*, 111 Pa. Superior Ct. 513, 170 A. 465. The guilty intent is rebutted where the separation is encouraged by the other party: *Price v. Price*, 83 Pa. Superior Ct. 446. And if plaintiff manifests an unwillingness to have defendant return, her subsequent absence is excusable: *Duncan v. Duncan*, supra, 171 Pa. Superior Ct. 69, 90 A. 2d 357.

It is appellant's position that his establishment of a home in Hillsville satisfied the requirements of the law. He relies on *Ruf v. Ruf*, 168 Pa. Superior Ct. 632, 82 A. 2d 280, where it was said: *"If exercised in good faith, the husband's choice of a home, according to his means, is controlling, and the wife in such circumstances must abide by his decision, and live with him . . ."* (Italics supplied). See *Pfeiffer v. Pfeiffer*, 154 Pa. Superior Ct. 154, 35 A. 2d 551. It should be emphasized that the selection of the home by the husband must be made in good faith: *Libshitz v. Libshitz*, 156 Pa. Superior Ct. 118, 39 A. 2d 463. While the wife is required to live with the husband, in the case at bar it was the husband who refused to live with the wife. We agree with Judge SOHN of the court below

that there was no "bona fide attempt by the husband to continue an harmonious marriage relationship". Appellant's conduct negatived the essential requirement of good faith.

Furthermore, the Divorce Law requires that the desertion shall be from the "habitation" of the injured and innocent spouse. It is the actual abandonment of matrimonial cohabitation: *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 40 A. 2d 108. Beginning in 1942, the home in Hillsville became less and less the place of matrimonial domicile. Cohabitation is living or dwelling together. It means having the same habitation, so that in the words of Chief Justice AGNEW, "where one lives and dwells, there does the other live and dwell always with him": *Yardley's Estate,* 75 Pa. 207. The testimony shows that appellant was actually living in Ambridge during the period from 1942 to 1947. At first he went to Hillsville over weekends or on his day off. However, as previously mentioned, these visits became less and less frequent until, at the time immediately before the wife left, he would come to Hillsville every twelve or fifteen days for only a few hours. He kept his clothing in Ambridge. In our opinion, the house in Hillsville was not the place of appellant's habitation within the meaning of the statute.

Finally, even were we to construe appellee's action as such a desertion as, if persisted in for a period of two years, would entitle appellant to a divorce, the evidence clearly discloses that the separation became consensual. On the following day, and before her husband left for Ambridge, appellee went back to the house and attempted to talk to him, only to be rebuffed by the statement: "Don't bother me". Appellant's refusal to discuss a reconciliation was persisted in every time the parties met. At Christmas in 1947, at the

house of appellant's uncle, Mrs. Totino attempted to talk to her husband, but he lowered his head and would not look at her. Again, in November, 1948, the parties met in Hillsville. The wife asked him to "talk things over", but appellant again refused. In February, 1950, when appellant's father died, Mrs. Totino went from New York to Hillsville for the funeral. She testified that every time her husband saw her during that period he would leave the room or otherwise avoid her. In *Benny v. Benny*, 87 Pa. Superior Ct. 318, the defendant left her husband, but later wrote several letters requesting him to meet with her and talk matters over. It further appeared that, after an absence of almost a year, she went to the husband's home for the purpose of making up with him, but that all of her attempts at reconciliation were repulsed. It was held that the conduct of the husband subsequent to the separation indicated his assent thereto. See also *Neagley v. Neagley*, 59 Pa. Superior Ct. 565. The case at bar presents a situation in which the husband continually failed to reply to all of his wife's efforts to effect a reconciliation. His refusal to test the good faith of her offers indicated approval and encouragement. In the words of President Judge Rhodes in *Mailander v. Mailander*, 168 Pa. Superior Ct. 546, 79 A. 2d 805: "Consequently, we are of the opinion that from the record before us libellant has failed to establish desertion on the part of respondent. To justify a divorce in his favor on such ground he must have been ready and willing to have respondent come back to him during the entire two-year period after the separation".

The order of the court below dismissing the complaint is affirmed.