## Raja v. Raja

*Colbert C. McClain,* for plaintiff.
*Mary Bell Hammerman,* for defendant.

## OPINION SUR RULE 46 OF THE SUPERIOR COURT

LAGAKOS, J., August 5, 1971.—The plaintiff in this matter filed a complaint in divorce a.v.m. on December 17, 1968. Service was properly made on defendant, a master was appointed by this court and the master held a full hearing to determine the facts and duly made his finding. Defendant subsequently filed exceptions to the master's report and the matter is now before this court. After careful and independent consid-

eration of the evidence, the court accepts the master's findings of fact and conclusions of law.

Plaintiff based his complaint on two separate grounds, alleging that the marriage was violative of Pennsylvania law. These two grounds will be considered separately.

Both plaintiff and defendant are natives of India. Their marriage was properly contracted in India in 1957. Not until 1960 did plaintiff come to the United States, and specifically to Pennsylvania, first to study and subsequently, to take up permanent residence. Thus, the court is presented with the situation of an alien resident seeking to dissolve a marriage validly entered into in his native country by attempting to declare the marriage void by reason of Pennsylvania law, which provides that marriage between first cousins constitutes a ground for divorce.

The court recognizes "the general rule . . . that a marriage valid where contracted is valid everywhere" with the general exception that the rule does not apply where the marriage is "repugnant to the public policy of the domiciles of the parties": Commonwealth v. Custer, 145 Pa. Superior Ct. 535, 539, 540 (1941); Freedman on Marriage and Divorce, Vol. 1, page 225 (2d Ed., 1957). The validity of the Indian marriage is not being contested and its validity is admitted by plaintiff. The court, therefore, must recognize the marriage unless it can be shown that this marriage as between first cousins is repugnant to the law of Pennsylvania.

The controlling case in this matter is Schofield v. Schofield (No. 1), 51 Pa. Superior Ct. 564. This case was decided under the Act of June 24, 1901, P. L. 597, which has been subsequently repealed by the Marriage Law of 1953, P. L. 1344, sec. 24, 48 PS §1-24. The court held that, even though the parties, residents of Penn-

sylvania, had specifically gone to Delaware to avoid this statute, the marriage validly contracted, was valid in Pennsylvania. In its opinion the court found that the prohibition against first cousins was statutory and not deep rooted in the common law; therefore, a marriage between first cousins was not repugnant to the laws of Pennsylvania. Although, the act under which this case was decided has been repealed, section 5 of the Marriage Law of 1953 has not altered the basic foundation of this decision. Both laws merely stated that a marriage license shall not be issued to first cousins. The Marriage Law further states that all marriages in violation of section 5 are merely voidable and not void: 48 PS §1-16. There is no other incapacity imposed upon first cousins to be found in the laws of Pennsylvania. The court is of the opinion that the Pennsylvania legislature did nothing more than forbid the contracting of marriages *in Pennsylvania* between first cousins, and did not make the existence of such marriages, validly contracted outside of Pennsylvania, illegal per se. It, therefore, follows that the marriage, in the instant case, is not violative of Pennsylvania law, being validly contracted and performed by citizens and residents of India in their native country.

Plaintiff in his complaint alleges further that he is entitled to a divorce a.v.m. on the ground of desertion. He has brought this action relying on the Act of May 2, 1929, P. L. 1237, sec. 10, as amended, 23 PS §10(d), which provides that it shall be lawful for the innocent and injured spouse to obtain a divorce, a vinculo matrimonii, whenever the other spouse "Shall have committed wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without reasonable cause, for and during the term and space of two years "

Before the court can determine whether plaintiff had made out sufficient grounds for desertion, it is most

important to determine what the facts are. After a careful study and a thorough direct examination and a most vigorous cross examination of plaintiff, the facts in this matter emerge quite clearly.

Plaintiff and defendant were married in their native village, according to local custom, on September 20, 1957. He was studying at the time and returned to his studies after the marriage took place. After three years of marriage, plaintiff came to the United States in September of 1960 in order to continue his studies. Defendant obtained permanent resident status in this country in December of 1967. On his arrival in this country, plaintiff took up residence in an apartment at 415 South Broad Street, Philadelphia, Pa., and remained there until March of 1970, at which time he removed to 1512 West Blavis Street, Philadelphia, where he presently resides.

Plaintiff left India by agreement with defendant to continue his studies, with the understanding that she was to join him in the United States should he decide to remain. Plaintiff anticipated a two-year course of study and had not, at that time, decided whether he was to remain in the United States or return to India. After two years of study, plaintiff realized that his studies would take considerably longer than two years and that he wished to remain in the United States. Accordingly, in 1962, he sent affidavits of support, which were necessary to enable defendant to obtain a passport and the necessary visa for travel to this country. Defendant took no action in this matter. Again in 1964, plaintiff sent new affidavits of support. In response to queries regarding the processing of these forms, defendant was evasive, saying that he should return to India and that some "fellow" was going to take the affidavits to the "collectors" office and that the collector had them. This is, in part, corroborated by a letter introduced into evidence by

defendant, written by plaintiff in August of 1965, expressing the desire that she join him in spite of the fact that she had done nothing to secure the necessary documents for her entrance into the United States. This letter was identified by plaintiff and translated by him, in order that it might be read into the record, with the permission of counsel for defendant.

This court recognizes the rule, often cited by the Pennsylvania courts of appellate jurisdiction, that the opinion of the master is advisory only and that the court must review the testimony and make a de novo determination of the facts, including the issue of credibility: Boyer v. Boyer, 183 Pa. Superior Ct. 260. After careful consideration of the record, the court cannot be otherwise than impressed by the candid manner in which plaintiff testified. He answered all questions in a straightforward and direct manner. The record clearly shows that he was neither evasive nor indirect on cross-examination. The record also shows that his testimony as to the basic facts underlying this matter go uncontradicted. For these reasons, the court is persuaded to adopt the master's recommendation as to the credibility of plaintiff.

It is a well-established rule of law in Pennsylvania that it is the wife's duty to live with her husband. When she refuses to do so, it is a form of desertion commonly called "constructive desertion." This rule is succinctly formulated in MacDonald v. MacDonald, 108 Pa. Superior Ct. 80, 83 (1933), wherein it states, "It is of course, the duty of a wife to live with her husband at such reasonable place which he can according to his means provide as a home. Since it is the obligation of the husband to provide a home, his choice in the matter is controlling providing it is exercised in good faith": Barnes v. Barnes, 156 Pa. Superior Ct. 196 (1944).

By 1965 it had become quite obvious to plaintiff that

defendant had refused to come to the United States. However, his letter of that year clearly indicates that he had not given up hope of her eventually joining him. In 1967 he had resigned himself to this state of affairs and had discontinued all correspondence with defendant by this time. It is quite obvious to the court that defendant's actions in this matter were nothing less than an absolute refusal to join her husband in Philadelphia.

In Shore v. Shore, 201 Pa. Superior Ct. 473 (1963) it was held that refusal of the wife to leave California and join her husband in Pennsylvania where he had moved in order to pursue his profession was without legal justification and amounted to willful and malicious desertion. Also, see Bartosik v. Bartosik, 114 P. L. J. 266 (1966). Plaintiff had come to this country in order to pursue his career. After a number of years of diligently applying himself to his studies and his work, he has become quite successful. The obstinacy of defendant in refusing to join plaintiff clearly amounted to willful and malicious desertion.

Since no precise date for the commencement of the desertion can be given, the court finds that the desertion began in 1962 when plaintiff first refused to join her husband in the United States and matured some time prior to January 1965. It cannot be doubted that the parties had agreed to their separation in 1960. However, that agreement was terminated in 1962 when plaintiff requested defendant to join him and he forwarded the necessary documents to enable her to, in fact, join him. Defendant's refusal to take any action in 1962 and again in 1964 can be interpreted in no other way than as a refusal to so join her husband. Her requests that he return to India corroborate her intent not to join her husband in the United States.

Counsel for defendant indirectly urges the court to believe that the letters of 1965 and 1967 written by

78

plaintiff to defendant amount to a consent to her desertion. Once the desertion has commenced, it is then the burden of the wife to seek a reconciliation. Only a refusal by plaintiff of an offer for a reconciliation can be treated as consent, thus reducing the desertion to a mere separation: Yohey v. Yohey, 205 Pa. Superior Ct. 329, 335 (1965).

The record reveals that there was no attempt at all made by defendant to join plaintiff. She took no action in relation to the affidavits of support sent her. She never requested her husband to send the necessary passage money nor to make any other arrangements which may have been necessary for a trip of this nature. In response to plaintiff's direct requests for defendant to join him, she urged him to return to India, a course of action he was not obligated to follow.

For these reasons, the court affirms the master's report of his findings of fact and conclusions of law and has accordingly entered a decree in divorce in favor of plaintiff.