## Kissinger *v.* Kissinger, Appellant.

*Divorce—Cruel and barbarous treatment — Evidence —Insufficiency.*

In an action for divorce on the ground of cruel and barbarous treatment and indignities to the person, a decree will be refused, where the evidence establishes nothing more than repeated threats on the part of the respondent, which were in the nature of retaliatory retorts to libellant's complaints, and fall far short of the standard necessary to make out a case.

Argued March 3, 1924. Appeal, No. 2, Feb. T., 1924, by respondent, from decree of C. P. Lackawanna Co., Nov. T., 1921, granting a divorce in the case of Ray-

232    KISSINGER *v.* KISSINGER, Appellant.

Statement of Facts—Opinion of the Court. [83 Pa. Superior Ct. mond M. Kissinger v. Ina W. Kissinger. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Reversed.

Libel in divorce on the ground of cruel and barbarous treatment and indignities to the person.    Before ED-WARDS, P. J.

The facts are stated in the opinion of the Superior Court.

The court granted a divorce.   Respondent appealed.

*Error assigned* was the decree of the court.

*L. D. Savige,* and with him *H. D. Carey,* for appellant.

*Cornelius B. Comegys* and *Ralph W. Rymer,* for appellee.·

OPINION BY GAWTHROP, J., April 21, 1924 :

The husband seeks a divorce from his wife upon the ground of cruel and barbarous treatment and such indignities to his person as rendered his condition intolerable and life burdensome.   The case was heard by a judge of the court below, who entered a decree for him.   The parties were married April 4, 1914. They lived together until September, 1917.   The gravamen of the husband's complaint is that the home was never in order; that the meals were poor and consisted mostly of canned goods; that the wife failed to do his mending; that, when he complained of the soup, the wife said: "Well, if you don't like that, I will put Rough on Rats in it or arsenic; it may be that will make it taste different."   He testified that such threats were made constantly; that on one occasion when he returned from a trip taken for the benefit of his health, his wife said: "If they didn't bring you back in a box, I will see that you are put in one pretty soon if you don't stop complaining."   When asked why he left his wife, the

husband answered: "Out of fear of my life." Three or four witnesses testified that they heard the wife make similar statements to her husband when he complained about the food. The wife denied the libellant's story as to the threats and other conduct complained of. She testified that the husband gave as a reason for leaving her that he was going to Brooklyn to secure work in the navy yard; that he said that he would not fight the Germans, and that the wife was to follow him in three weeks. Her testimony on this point was corroborated by another witness. The learned judge of the court below was of the opinion that the testimony of the husband and his witnesses as to the threats by the wife against the life of her husband measured up to the proof necessary to establish his right to a divorce on the grounds averred in the libel. We do not so regard it. A careful review of the testimony convinces us that the threats by the wife, if made, were nothing more than retaliatory retorts caused by the husband's complaints. Indignities provoked by the complaining party are no ground for divorce, unless the retaliation is excessive: Richards v. Richards, 37 Pa. 225. In this case it was not such. The husband admitted that the threats were made constantly for a period of almost two years prior to the separation in September, 1917. With nothing more in the case than reiterated threats by the wife during this period and under the circumstances related, it is impossible for us to conclude that the husband left the domicile because of a reasonable apprehension of personal injury or from fear for his life. Nor does the evidence establish that the wife was guilty of any unjustifiable conduct which so utterly destroyed the peace of mind of the husband as seriously to impair his bodily health or endanger his life, or which utterly destroyed the ends and object of matrimony, although no physical or personal violence was inflicted or seriously threatened or reasonably apprehended. See Russell v. Russell, 37 Pa. Superior Ct. 348; Breene v. Breene, 76 Pa. Superior Ct. 568.

After careful consideration of the briefs of the respective counsel and entire record, we all agree that the evidence falls far short of the measure which is necessary to make out a case for the libellant, and does not warrant a decree of divorce.

The decree is reversed, and the libel dismissed at the cost of the libellant.