## Mitchell, Appellant, *v*. Mitchell.

Argued November 19, 1940.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ.

600

*Truman D. Wade,* with him *John N. Guss,* for appellant.

No appearance was made nor brief filed for appellee.

OPINION BY RHODES, J., December 18, 1940:

Libellant has appealed from the decree of the court below dismissing her libel in divorce after the master had recommended the granting of a decree in favor of libellant on the ground of desertion. The libel was filed and served upon the respondent, libellant's husband, and return of service made. Respondent filed no answer to the libel, and no appearance was entered for him. A master was appointed to take testimony; notice of the date of hearing was given to respondent; and a hearing was duly held at which libellant and her witnesses appeared. Respondent did not appear at the hearing before the master, nor was he represented by counsel.

The court below refused to follow the recommendation of the master and grant a decree in divorce to libellant, because, in its judgment, the testimony did not sufficiently establish that respondent wilfully and maliciously deserted libellant.

The burden, of course, was on libellant to clearly and satisfactorily establish the ground alleged in her libel in order to warrant a decree in divorce; this burden may be carried by the testimony of the libellant alone. *Frantz v. Frantz,* 134 Pa. Superior Ct. 481, 484, 3 A. 2d 987. The testimony of libellant and her witnesses was uncontradicted; and we find no reason not to accept as true this testimony. Therefore, the only question for determination by us is whether that testimony establishes clearly and satisfactorily the averments in the libel.

Having carefully read the evidence in the record, as we are required to do in order to reach an independent conclusion, our judgment is in accord with the conclu-

sion of the master that respondent did, on November 15, 1933, wilfully and maliciously desert libellant, and has absented himself from her habitation, without a reasonable cause, for a period of more than two years from that date.

Libellant and respondent were married on December 25, 1925, and for two years thereafter lived with their respective parents in Chester County. In 1927 they moved into a house of their own. They lived and cohabited together until November 15, 1933. They had three children, whose ages are 9, 11, and 13, respectively. Libellant testified that on November 15, 1933, respondent left their common domicile. Libellant and their three children were left by respondent without necessary clothing, food, fuel, or money. The rent for the house in which they lived was in arrears over a year, and notice to vacate had been given. Up to the time of respondent's withdrawal, the family had been able to remain only through the payment by libellant's father of some of the back rent. We are convinced that respondent, although able, was no longer willing to bear the burden of marital responsibilities. He left, saying that he was "sick and tired of it all." In the precarious condition which respondent left libellant and their children, she had no alternative but to take them to the home of her parents, where they were provided with food, clothing, and shelter. For more than five years since this occurrence respondent never sought a reconciliation with libellant, nor did he attempt to provide a home or support for her and the children. She has been obliged to maintain herself and support her children through her own efforts, together with the assistance of her parents.

Libellant was not required under the circumstances to wait indefinitely in a house without the barest necessities for herself and children, and hope for respondent's eventual return. Respondent knew that libellant and their children could not remain even temporarily

where they were after his departure; and he was fully cognizant of the fact that there was no place for them to go except to the home of libellant's parents, which was not a great distance away. It was respondent's obligation and duty to seek and return to libellant. There was no separation by consent. If the desertion was not wilful and malicious, respondent would at some time have sought his wife and offered to return and care for her and their children; but he has never evidenced any interest in them or concern for their welfare. He ran away from unpleasant realities, and refused to return to face them. In our judgment the desertion in this case was without reasonable cause, and intentional; being intentional it was wilful, and being wilful it was malicious. *Hedderson v. Hedderson,* 35 Pa. Superior Ct. 629, 631. The desertion having been persisted in for more than two years, libellant as the injured party is entitled to a divorce.

Although the law imposes no duty on the innocent spouse, whose wife or husband has wilfully and maliciously deserted him or her, to seek to bring about a reconciliation or induce the other to return and resume marital relations, libellant did make such an effort without avail. See *Winner v. Winner,* 122 Pa. Superior Ct. 382, 384, 186 A. 245.

In many respects the testimony of libellant was corroborated by her father and mother.

Libellant's use of the term "separation" in her testimony in referring to respondent's withdrawal does not necessarily militate against her. She clearly testified that respondent left her and the children, and gave the circumstances of his unjustifiable desertion. We think that respondent's intention to desert libellant was established by his actions and declarations at the time, and by his subsequent conduct.

The assignment of error is sustained.

The decree is reversed, and the record is remitted to

the court below, with directions to enter a decree divorcing libellant from the bond of matrimony with respondent.