## Missimer, Appellant *v.* Missimer.

Argued March 12, 1946. Before BALDRIGE, P. J., RHODES, HIRT, DITHRICH, ROSS and ARNOLD, JJ. (RENO, J., absent).

*Michael F. Donnelly,* for appellant.

*J. Russell Gibbons,* for appellee.

OPINION BY HIRT, J., April 10, 1946:

We agree with the master and the lower court that the charge of desertion has not been sustained.

The parties bought a small property for a home in Philadelphia in 1926. In 1933, because of the depression, libellant's earnings as a carpenter were almost negligible and he had been unable to maintain it. Early in that year, on default in their payments, a building and loan mortgage was foreclosed and they lost their home. They had an opportunity to enter into a repurchase agreement on lower terms but they did not accept it, and they had to vacate the premises. The final separation occurred then. The fact that libellant left the house on April 29 and the respondent remained there until May 15, 1933, though not decisive, is some evidence that she did not desert him. But we accept her testimony, corroborated by a disinterested neighbor and by the circumstances, that the separation did not follow a desertion by either party but was upon agreement. They had separated on a prior occasion under similar circumstances in 1922 and had lived apart for four years by mutual consent. After the final separation in 1933 the respondent went to live with her son by a prior marriage, in Germantown. Throughout the separation, until some time in 1941, libellant frequently visited her there and was received by her as her husband. He occasionally gave her money, and supplied her with groceries and with whatever coal was necessary for heating the house. His contributions terminated with a final payment of $75 in 1940. Other circumstances support the conclusion that the separation originated in an agreement of the parties. The libellant had his faults, but respondent was tolerant of them and there was no ill feeling between them. No crisis, other than foreclosure of the mortgage,

broke up their home. If the respondent had left him against his will it is probable, under the circumstances, that he would have asked her to return on at least one of his many visits with her in Germantown. He was not obliged to do so if she, in fact, had deserted him *(Mitchell v. Mitchell,* 142 Pa. Superior Ct. 599, 16 A. 2d 725) but since the separation was by consent and for an indefinite term, he could start the running of the statute only by terminating the agreement and demanding that she return to live with him. Libellant admitted that he never reestablished a home, after the separation, to which she could come and that he never asked her to return to him. Mutual consent to a separation, not revoked, is fatal to an application for divorce on the ground of desertion. *King v. King,* 36 Pa. Superior Ct. 33.

Order affirmed at libellant's costs.