Ziegenfus, Appellant, *v*. Ziegenfus.

Argued October 2, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Alfred K. Hettinger,* for appellant.

*D. M. Garrahan,* for appellee.

OPINION BY RHODES, J., October 30, 1946:

Libellant in his libel charged his wife, the respondent, with desertion. The master recommended a divorce on that ground. The court below sustained respondent's exceptions and dismissed the libel. Libellant has appealed.

The issue is the alleged desertion by respondent on October 6, 1938. The burden was upon libellant to establish by clear and satisfactory proofs that the desertion was not only wilful and malicious on the part of respondent, but that it continued so to be, and that it was without the consent or encouragement of libellant; there must have been an actual abandonment of matrimonial

cohabitation, with intent to desert, and this must have been wilfully and maliciously persisted in, without cause, for two years. *Devlin v. Devlin,* 134 Pa. Superior Ct. 21, 23, 3 A. 2d 196; *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 540, 180 A. 708.

The master found that respondent wilfully and maliciously deserted libellant on October 6, 1938, while the parties were living at 732½ North Sixth Street, Allentown, Pa., which was the home of libellant's mother.

We have said that a wife cannot be required to live with her mother-in-law, and that a refusal to do so is not a wilful and malicious desertion, without reasonable cause. *Donald v. Donald,* 155 Pa. Superior Ct. 90, 94, 38 A. 2d 376. Libellant attempts to point out some distinguishing characteristics which, it is argued, would make the statement in the *Donald* case inapplicable. Libellant's main contention in this respect is that libellant's mother was not residing in her apartment at the time of the alleged desertion. Respondent refused to remain in her mother-in-law's apartment, and, assuming that the mother-in-law was not present at the time that respondent left, we think, under the circumstances in this case, that this fact is not controlling.

We are of the opinion, after an independent examination of the record, that libellant never manifested a sincere intention to create a home for respondent and their child, and that residing with libellant's mother did not constitute a home from which it could be said an act of desertion arose from respondent's leaving the mother-in-law's apartment. There is no convincing evidence indicative of an intent to desert on the part of respondent, and her withdrawal, as alleged by libellant, was not malicious. "The malice of the desertion arises from its being the perverse act of the one, in refusing the performance of the matrimonial obligations and duties, which the other has the legal right to require": *Kelly v. Kelly,* 51 Pa. Superior Ct. 603, 608. Libellant had no

legal right to require respondent to live with his mother. This is true, although it is the duty of a wife to live with her husband at such reasonable place which he can, according to his means, provide as a home. *MacDonald v. MacDonald*, 108 Pa. Superior Ct. 80, 83, 164 A. 830. Libellant was obliged to set up a separate home for respondent and their child; and before she could be charged with desertion, following her withdrawal from the apartment of her mother-in-law, there must have been a refusal of a bona fide request from libellant that she return to a home set up by him and suitable for respondent and their child. *Duchossois v. Duchossois*, 139 Pa. Superior Ct. 1, 4, 10 A. 2d 824. Libellant's subsequent action, as we shall point out, did not convert the separation into a wilful and malicious desertion.

The parties were married on August 3, 1935. At the time of the marriage libellant was 20 years of age and respondent 17. It was not until February, 1937, that the parties lived together. From that time until November, 1937, they lived with respondent's parents in Allentown. The latter having moved to Pottsville, it was mutually agreed that respondent go with her parents and that libellant would live with his mother. During this period he was unemployed. Respondent's parents then moved to Palmerton, and libellant and respondent resided with them until March, 1938, when libellant returned to Allentown to live with his mother. He was unemployed from March, 1938, until September, 1938. In July, 1938, libellant returned to the home of respondent's parents in Palmerton, where he resided for a short period. In that month he planned to have respondent live in his mother's house in Allentown. The home of libellant's mother contained two so-called apartments, but they were not entirely separate and distinct. The second floor apartment which libellant and respondent may have tried to occupy for a time was rented the latter part of July or the first part of August, 1938, to a Mrs. Kline, and thereafter

occupied by her. This apartment was unfurnished, and it does not appear that libellant ever provided the necessary furniture to make it usable. Libellant and respondent lived in the first floor apartment of the mother-in-law during the latter part of September and the first part of October, 1938. It is from here that respondent is alleged to have deserted libellant. The testimony is conflicting as to the continuous presence of the mother-in-law in her apartment during this particular time. But the antagonistic attitude of libellant's brother and his mother toward respondent is clearly established by the record. It is obvious that libellant was under the domination of his family, and they unquestionably interfered with the marital status of libellant and respondent. For such reasons we think respondent was thoroughly justified, apart from other considerations, in refusing to live at the home of libellant's mother. Belatedly libellant rented an apartment at 625 North Sixth Street, Allentown. But his attempt in this respect was both inadequate and insincere. Accepting libellant's description of the apartment, and of what he had done relative to furnishing the same, it was not a proper home for his wife and child. A disinterested witness who inspected the apartment gave a detailed description which is conclusive that it was not a fit place for respondent and her child to live. It consisted of two bedrooms, a living room, kitchen, and bath. The furnishings consisted of a kitchen table, four chairs, some pots and pans, a bed, and a bureau; there were no electrical connections. There was no bedding, dishes, or other items which are essential to make an apartment habitable.

It is impossible for us to conclude from the evidence that libellant ever took his marital obligations seriously. He was chronically unemployed or he was going to school, and he habitually relied on others to care for his wife and child. Respondent was apparently willing to live with libellant under reasonable circumstances and

proper conditions. Subsequent to libellant's superficial attempt to establish a separate home, in October, 1938, apart from that of his mother, he never contacted respondent.

We are of the opinion that the desertion alleged in the libel was not established.

The decree of the court below dismissing the libel is affirmed.