Carr *v.* Carr, Appellant.

Argued November 20, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Joseph A. Keough,* for appellant.

*George Gurdon Fay,* for appellee.

OPINION BY RHODES, J., January 17, 1947:

This appeal (No. 204, October Term, 1946) is by respondent from the decree granting a divorce to libellant. Libellant, in her libel, charged desertion by her husband. His answer denied a desertion and averred that libellant deserted respondent. The master found that libellant's charge of desertion by respondent was sustained by the evidence, and that libellant was entitled to a divorce. Exceptions to the master's report were dismissed, and decree was entered.

It was conclusively established that respondent left the common habitation without libellant's knowledge or consent, on February 28, 1941, the time alleged in the libel as the date of the desertion. Respondent does not attribute his action to any conduct on the part of libellant, but seeks to justify the separation because of his alleged inability to live with his mother-in-law.

The parties at the time of their marriage on June 5, 1937, lived in Philadelphia, where they have continued to reside. Libellant was employed and lived with her mother, who was elderly and ill. Libellant and respondent had known each other for a number of years before their marriage, and respondent was fully aware of these facts, and agreed that libellant's mother should live with them. After her marriage, libellant continued to work. Libellant, her mother, and respondent lived together until respondent left, without warning, on February 28, 1941. Respondent then took up his residence with his aunt at 6018 Spruce Street, Philadelphia.

Respondent did not attempt to establish that libellant did anything to cause him to leave. His defense seems to be that the separation was due to the fact that his mother-in-law made his life unbearable, and that

after leaving libellant and the common habitation he made libellant a bona fide offer of a suitable home. We are not convinced by the evidence of either contention. Respondent's testimony was inherently conflicting in many respects; it was contradictory of the testimony of libellant and her witnesses; and it contradicted the testimony of those he called to testify on his behalf. We do not find that respondent's complaints about his mother-in-law have any substantial basis. The credible testimony is that respondent was well treated by libellant's mother, and he never complained to anyone about the alleged treatment which he now says he received from her. Significantly, the master, before whom respondent testified, concluded that he was not worthy of belief. We are of the opinion that respondent left the common home without any good reason, or at least he had no legal justification for his abrupt abandonment of matrimonial cohabitation, and that he was the party at fault. We have said that where, as here, a desertion appears and is without sufficient legal reasonable cause, it is presumed to be wilful and malicious, and if persisted in for two years or more, will entitle the injured party to a divorce. *Rosa v. Rosa,* 95 Pa. Superior Ct. 415, 417. The intent to desert is manifest when, without cause or consent, either party withdraws from the residence of the other. *Mertz v. Mertz,* 119 Pa. Superior Ct. 538, 539, 180 A. 708, 709; *Barnes v. Barnes,* 156 Pa. Superior Ct. 196, 199, 40 A. 2d 108.

In *Neagley v. Neagley,* 59 Pa. Superior Ct. 565, 571, 572, we said, quoting from 1 Bishop on Marriage, Divorce and Separation, 1891, § 1774: "A method of breaking the desertion is by an offer to return. To be effectual, it must be made, not for the simple purpose of defeating a legal right, but in good faith, with the intention of carrying it out in its spirit if accepted. Such an offer,

tendered thus sincerely before the statutory period has elapsed, will put an end to the desertion, and bar the suit."

Respondent's principal effort has been to establish that the desertion was not persisted in for two years, and thus defeat libellant's right to a divorce. To accomplish this objective, it was necessary for him to show a bona fide offer of reconciliation on his part made, in good faith, within two years after February 28, 1941, pursuant to a sincere desire on his part to return to his wife and resume marital relations. *Ward v. Ward,* 117 Pa. Superior Ct. 125, 130, 131, 177 A. 515. The master and the court below found that the respondent never made any attempt to bring about a reconciliation, nor did he ever make a bona fide offer to establish a residence which could possibly be accepted by libellant. Libellant testified that she had asked respondent to return and make a home, but that he merely laughed at her. It also appears that he made no conciliatory move until she brought an action for support in the municipal court. Through his attorney, at the hearing, he apparently made an offer that she move to his aunt's home at 6018 Spruce Street. A maiden aunt was living at 6018 Spruce Street, and the property belonged to her. Moreover, respondent's brother lived there at least part of the time. Ordinarily, a wife may insist upon a separate home and need not accede to her husband's desire that they live at the home of his relatives. See *Hill v. Hill,* 96 Pa. Superior Ct. 410, 414; *Ziegenfus v. Ziegenfus,* 159 Pa. Superior Ct. 521, 49 A. 2d 275; 1 Freedman on Marriage and Divorce, § 246, p. 632. Respondent, in our opinion, never offered to provide a home separate and apart from his relatives, although it appears that he had ample means to do so. It is apparent that the suggested arrangement offered no solution to the situation created by respondent's action. There was no duty upon the

part of libellant to seek a reconciliation and the resumption of marital relations with respondent, but it seems from the testimony that she attempted to do so. We are convinced that respondent failed to establish any bona fide offer of reconciliation, and his conduct thus constituted a wilful and malicious desertion on his part.

The record of the municipal court, wherein libellant was denied an order of support in an action brought against respondent, was admissible, but it is not conclusive evidence as to any issue involved in a divorce action. *Lyons v. Lyons,* 116 Pa. Superior Ct. 385, 389, 176 A. 792. It is entitled to, and has received, consideration by the master, the court below, and this court.

Respondent also appeals (No. 26, October Term, 1946) from the order of the court below awarding libellant additional counsel fees of $200, and contends that the total amount allowed ($500) is grossly excessive. This is a matter that is largely within the sound discretion of the court below, and we will not reverse except for plain abuse of discretion. *Doemling v. Doemling,* 118 Pa. Superior Ct. 426, 431, 179 A. 813. There are no fixed rules as to the amount to be allowed. *Brong v. Brong,* 129 Pa. Superior Ct. 224, 226, 195 A. 439. It does not appear from the record that respondent is unable to pay the allowance. This has been an extended contested case, and the value of counsel's services has not been questioned. With respondent's admitted earnings from $40 to $90 per week, we cannot say that the order is unreasonable or improper. The order relative to counsel fees is affirmed.

The decree of the court below granting a divorce to libellant is affirmed. Costs are to be paid by appellant.