Latour, Appellant, *v.* Latour.

Argued November 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*D. M. Anderson, Jr.,* with him *Anderson & Anderson,* for appellant.

*August L. Sismondo,* for appellee.

OPINION BY ROSS, J., January 8, 1948:

The parties to this divorce action were married on April 13, 1942, and resided together until June 28, 1943, when the wife left the marital habitation. On August 13, 1943, the husband filed a libel for an absolute divorce on the ground of indignities, to which an answer was filed. On April 1, 1946, the husband amended his libel to include desertion. The action was heard by a master who, on January 14, 1947, filed his report in which, after concluding that the libellant had not established indignities, recommended that a divorce be granted to him on the ground of desertion. The respondent's exceptions were sustained by the court below and a decree of divorce refused on the basis that the wife had legal justification for leaving her husband, and he has taken this appeal.

The statutory definition of desertion is "wilful and malicious desertion, and absence from the habitation of the injured and innocent spouse, without a reasonable cause, for and during the term and space of two years". Act of May 2, 1929, P. L. 1237, section 10, sub-section D, 23 PS 10. The burden was upon libellant to establish by clear and satisfactory proofs that the desertion was not only wilful and malicious on the part of respondent, but that it continued so to be for two years and that it was *without the consent or encouragement of libellant*. *Ziegenfus v. Ziegenfus*, 159 Pa. Superior Ct. 521, 49 A. 2d 275. It is not necessary for us to discuss or decide the merits of this case in order to conclude that the libellant did not meet the burden imposed upon him.

In *Trussell v. Trussell*, 116 Pa. Superior Ct. 592, 598, 177 A. 215, in which, as here, the husband sought a divorce on the ground of desertion, this Court said: "to justify a divorce in his favor, he must have been *ready and willing* to have her come back to him *during the entire two year period*. If during that time he expressed to her his *reluctance or unwillingness* to have her live with him, her subsequent remaining away would be

excusable and not a wilful and malicious desertion." (Italics supplied.) Cf. *Gillespie v. Gillespie,* 145 Pa. Superior Ct. 577, 20 A. 2d 832.

In this case, on August 13, 1943, *six weeks* after the respondent left the marital habitation, the libellant filed his libel in divorce averring that "in violation of respondent's marriage vow . . . the said Mildred R. Latour, respondent, hath offered such indignities to the person of the libellant as to render the condition of the libellant intolerable and life burdensome. . . . and he has been compelled to withdraw from the respondent's house and family" and praying for "a decree in divorce, a vinculo matrimonii, . . . for the . . . separating of the said . . . respondent, from the said libellant's society, fellowship and company in all time to come . . ." It is difficult for us to conceive of any stronger way in which the libellant could express his "reluctance or unwillingness" to have the respondent live with him or to express his "consent or encouragement" of her in the separation. The time during the pendency of his action cannot be included in computing the statutory period of desertion. *Lowe v. Lowe,* 148 Pa. Superior Ct. 439, 25 A. 2d 781; *Zeiler v. Zeiler,* 58 Pa. Superior Ct. 220.

Decree refusing a divorce is affirmed.