## Martin v. Martin

*Arthur L. Swartz*, for libellant.

*William L. Showers* and *Carl Rice*, for respondent.

FORTNEY, P. J., January 16, 1948.—This is a proceeding in divorce, a vinculo matrimonii, wherein a petition by respondent was filed for counsel fees and costs, and after answer made by libellant, testimony was taken thereon. The testimony discloses that the parties were married November 27, 1942, and have one child, who is presently living with respondent. The separation of the parties occurred August 22, 1945, when the husband-libellant removed from their common domicile. The parties own real estate, which was originally titled in the name of libellant, and subsequent to the marriage, placed in the name of both libellant and respondent as tenants by the entireties. In this home, wife-respondent now lives with their child and husband-libellant contributes $10 per week to the support of the child.

In her petition, respondent alleges she is without funds to meet the costs and expenses incidental to litigation, including the payment of fees to her counsel. The testimony discloses that respondent is employed at a salary of $25 per week, and that libellant earns $150 per month. The age of respondent is 42 years and that of libellant 49 years.

The Divorce Law of May 2, 1929, P. L. 1237, as amended by the Act of May 25, 1933, P. L. 1020, sec. 1, 23 PS §46, provides:

"In case of divorce from the bonds of matrimony or bed and board, the court may, upon petition, in proper cases, allow a wife reasonable alimony pendente lite and reasonable counsel fees and expenses."

The act is not mandatory: Tumini v. Tumini, 150 Pa. Superior Ct. 363, 367.

There was no testimony presented at the hearing concerning the witnesses necessary for respondent to offer a defense to the allegations in the libel. Neither is it shown where these witnesses resided, how many there would be, nor what it would cost for their appearance at the trial. We likewise have no testimony as to what other expenses are necessary for a proper defense by respondent. Consequently, no costs will be allowed.

It has been the practice, for many years in Pennsylvania, to allow a wife, without a separate estate of her own, who is defending an action of divorce, such reasonable sum as will enable her to present her case to the end that justice be not denied her.

In determining the amount to be allowed the wife for counsel fees, consideration must be given, not only to the value of counsel's services and the wife's necessities, but also to the husband's ability to pay, and the character, situation and surroundings of the parties: Brong v. Brong, 129 Pa. Superior Ct. 224. The allowance of counsel fees rests in the sound discretion of the court: Clark v. Clark, 160 Pa. Superior Ct. 562; Carr v. Carr, 160 Pa. Superior Ct. 124.

If the question of counsel fees were the only problem presented to the court in this proceeding, its solution would be comparatively simple, and we would not hesitate to make the usual and ordinary award to counsel for respondent, according to the customs in our county, to wit, the sum of $100.

The answer of libellant to the petition for counsel fees and costs complicates the problem. In his answer, libellant alleges, and the testimony shows, that two years previously respondent in this case filed an action in this court against libellant in this case, in which she sought a decree of divorce, a. v. m., on the ground of indignities to the person; that the same counsel who

now represents respondent in the present case, represented her as libellant in her former case; that at or about the time the former libel was filed, counsel for libellant sent for respondent and advised him of the pending action, and, according to counsel's own statement: "Mr. Martin agreed with his wife that rather than go through a hearing for alimony and counsel fees, he would pay for the divorce". Respondent then paid to counsel for libellant the sum of $135. This former case was so proceeded with that a master was appointed by this court December 21, 1945. The master set a date for hearing, notified the parties at interest, and at the time of hearing, neither libellant and her witnesses, nor respondent, appeared before the master, although counsel for libellant did appear. This hearing was continued and the case was never proceeded with further. The only reason assigned by libellant for her failure to proceed in the matter was that respondent did not live up to his terms. Counsel for libellant in the former case states that he did pay the master his fee of $50, even though no hearing was held before the master at which testimony was taken. We are not unfamiliar with the law as stated in Humphreville v. Humphreville, 22 Dist. R. 40, where it is held the husband, libellant in divorce, will be ordered to pay his wife counsel fees, although he has paid counsel fees in a prior proceeding in divorce which she instituted but not prosecuted to judgment. We agree that it is necessary for respondent to have counsel in this, as it was in her former case, and probably the fact that counsel fees were paid in the former case is no reason why she should have prosecuted the case to judgment.

The facts in the former action present a situation which is not understandable to us, and neither is it explained. Wife-libellant, in an action in divorce, is not relieved from the usual responsibilities of a party-litigant. Primarily, libellant must pay the costs the same as a plaintiff in any other proceeding—the suc-

cessful party ultimately being entitled to recover. If she feels that this burden should be shifted to respondent, she must satisfy the court, by the production of evidence, and secure the entry of an order requiring payment by him, but until he has been ordered to pay, or enter security, the cause should proceed in the regular manner. Counsel for respondent in this case, and libellant in the former case, state he did receive from libellant, presumably for counsel fees, the sum of $135, and now asks for an additional counsel fee in the present action. He further states that none of the former fees received by him remains in his possession, for the reason that after paying the master, the balance was utilized as a fee for the preparation of a separation agreement and the drawing of deeds for a property settlement. The money was not paid to counsel for any other purpose than as counsel fees in a divorce action, and in our judgment, he was without authority to use this fee, paid for a specific purpose, in any other manner, nor for any other reason than the purpose for which it was paid. Our independent examination of the record indicates that in addition to the $50 paid to the master, counsel has expended the sum of $9.20 in costs from the money heretofore paid by the present libellant as counsel fees. By the process of mathematical calculation, counsel should now have, actually, in his possession, at least $75.

After a full consideration of present libellant's earning power, his contribution to the support of their child, the separate income of the wife, her living rent free in their home, we can come to but one conclusion, and that is that present respondent has ample funds available to defend her action of divorce to the end that justice will not be denied her. In support of this conclusion, we note that present respondent said to counsel for present libellant that she did not need money for the divorce, and we make the following

## Order

And now, to wit, January 16, 1948, the rule granted on the petition of respondent for counsel fees and costs is discharged at the cost of applicant.