Colin, Appellant, *v.* Colin.

Argued April 10, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*William J. Krzton,* with him *Esler W. Hays,* for appellant.

*Alvin J. Porsche,* for appellee.

OPINION BY GUNTHER, J., July 17, 1956:

This divorce case comes to this Court on appeal by the wife-plaintiff from the refusal of the court below to grant a divorce *a mensa et thoro* based on cruel and barbarous treatment and indignities to the person.

After a hearing, the master filed findings of fact and conclusions of law. Plaintiffs exceptions were filed and argued. The lower court dismissed the exceptions, adopted the master's report, and approved the recommendations refusing the divorce.

This case was heard in the court below together with a cross suit filed by the appellee herein praying for an absolute divorce. The latter suit was also dismissed.

The parties were married on May 10, 1927, before a justice of the peace in Brackenridge, Pa., and went to live at 125 Morgan St., Brackenridge, Allegheny County, Pennsylvania, where they lived together without interruption until sometime early in 1952. Plaintiff-appellant then removed to the home of a daughter by a previous marriage which ended in divorce. This daughter's home was in Wilkinsburg, Pa., while appellee continued to reside at the Brackenridge address. The couple have one child, a son, who was in the Navy at the time of the hearings and is an adult.

The parties lived together relatively harmoniously until 1944, with the exception of an incident in 1932 when the wife confessed to an adulterous affair. This matter became known to the husband and, after discus-

sion by the parties and the fathers of each, the wife was forgiven and the matter apparently was not discussed for an extended period of years. By 1944, defendant-appellee, who had been a heavy drinker, lapsed into acute alcoholism. He recognized, however, the gravity of his situation and began to seek treatment for this condition. From this point up to the final separation the marital life of the parties was marked by discord. The husband was upset by the frequent absences of the wife at bingos or other social affairs of a similar nature. He attributed much of the absence to his wife's being with other men and repeated his suspicions of misconduct in the presence of men whom he found in his home in company with his wife under not-usual circumstances. The wife complained of almost constant drunkenness on the part of the husband during which time, she charged, he used abusive language, threatening gestures, and physical abuse toward her.

Appellant testified that the instances of appellee's behavior complained of in the suit for divorce occurred during periods of intoxication. Appellant contends that she was not the cause of the alcoholic condition of her husband and refers to the testimony of one of the physicians consulted by appellee in his quest for a cure. Further reading of the testimony, however, brings out the close relationship of the disease to the personalities of both. The husband was prone to alcoholism but the behavior of the wife precipitated the alcoholic behavior.

Appellant need not prove she is the innocent and injured spouse to obtain her decree of divorce *a mensa et thoro*, but she cannot obtain the decree by claiming incidents which she provoked. Appellant contends that all the incidents upon which she bases her complaint in divorce occurred during the periods of intoxication.

If we are to believe the existence of such behavior as complained of, and we shall have something to say on this point later, appellant cannot be above censure when she indulged in actions which she must have known would trigger the alcoholic reaction on her husband's part. Her suggestions of a drink to celebrate the many reconciliations do not reflect the concern for the sobriety of an individual who needs but one drink to set off the chain reaction. She did not seem to be very interested in the husband's attempts to effect a cure, either in hospitals or as a member of the Alcoholics Anonymous organization, much less try to share the interests of and spend time with the husband. Her absences assumed the role of an unbalancing factor in the light of a deep necessity for some sharing of interests. But even more serious contributions to the uneasiness of the husband, which state led to recriminations and accusations of infidelity and, concurrently, to a furthering of alcoholic behavior, were the instances where appellant invited charges of improper conduct by her allowing of undue familiarity on the part of two of her husband's male friends in her own home. A later visit to a room in the Fort Pitt Hotel with one of these men was also indiscreet on her part.

Even if full credence is placed in the tales of abuse meted out to appellant during appellee's sprees, the indignities to the person which are provoked by the complaining party are not grounds for divorce unless the retaliation is excessive. *Esenwein v. Esenwein*, 312 Pa. 77, 167 A. 350; *Kissinger v. Kissinger*, 83 Pa. Superior Ct. 231. On several occasions appellant returned to the home of appellee and cohabited with him even after the filing of the divorce action. These actions are not those of a wife in fear of her husband's cruel retaliation or his meting out indignities which she would consider important enough to terminate the marriage.

The parties in the case contradict each other at several points, notably on the issue of whether the appellee called appellant filthy names. The master was not impressed by the testimony of the appellant with regard to the name-calling and did not find as a fact that the names referred to in the testimony were actually used. The lower court agreed with the master. In cases such as these this Court will not lightly disturb the conclusions of the master and the judge who had ample time to observe the parties and proceedings. See *Krug v Krug*, 22 Pa. Superior Ct. 572; *Koontz v. Koontz*, 97 Pa. Superior Ct. 70; *Dearth v. Dearth*, 141 Pa. Superior Ct. 344, 15 A. 2d 37.

The decree of the court below is affirmed.