Colin, Appellant, *v.* Colin.

Argued April 14, 1959. Before RHODES, P.J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Abraham Fishkin,* for appellant.

*William J. Krzton,* with him *Esler W. Hays,* for appellee.

OPINION BY WATKINS, J., June 10, 1959:

This is an appeal from an order of the Court of Common Pleas of Allegheny County dismissing the complaint and refusing a divorce to Aloysious O. Colin,

the appellant, from Myrdith J. Colin, the appellee, on the ground of desertion.

The parties were married on March 10, 1927, and went housekeeping in the Borough of Brackenridge, Allegheny County, Pennsylvania, where they lived together without interruption until early in 1952. They are both about 55 years of age. The husband still resides in the home which the wife left in 1952 in Brackenridge, and the wife lives in the Borough of Wilkinsburg, Allegheny County, Pennsylvania, with a married daughter, her child by a former marriage. There is one child of this marriage, a son, Jack Lee Colin, who is married and employed by his father.

This marriage has been the occasion of extended litigation since the separation in 1952. On May 23, 1952, the wife filed a complaint in the Court of Common Pleas of Allegheny County, seeking a divorce, a mensa et thoro, alleging cruel and barbarous treatment and indignities. A cross-complaint was filed by the husband for an absolute divorce on the same grounds. The master recommended the denial of both complaints. Exceptions were filed, which the court below overruled, and both complaints were dismissed.

The husband did not appeal the dismissal of his action but the wife appealed to this Court. While the appeal to the Superior Court was pending, the husband on July 20, 1955, in the Court of Common Pleas of Allegheny County filed a complaint in divorce on the ground of desertion. He discontinued this action on January 16, 1957. On July 17, 1956, this Court affirmed the decree of the court below refusing to grant the divorce. *Colin v. Colin*, 181 Pa. Superior Ct. 564, 124 A. 2d 184 (1956).

Subsequent to this decision the wife continued to reside with her daughter in Wilkinsburg and made no effort or attempt to seek reconciliation or return to

the common domicile. The husband, on July 18, 1955, as soon as the necessary statutory period had passed since the denial of his wife's appeal to this Court, filed the present action for divorce, alleging wilful and malicious desertion. The case came for trial before President Judge WILLIAM H. McNAUGHER, who entered the order dismissing the complaint and refusing to grant the divorce.

"When plaintiff has established that the defendant left the matrimonial domicile and persisted in the separation for the required statutory period, the burden falls upon the defendant to prove a reasonable cause for her withdrawing from the matrimonial domicile." *White v. White,* 185 Pa. Superior Ct. 141, 138 A. 2d 162 (1958). See also: *Jones v. Jones,* 189 Pa. Superior Ct. 461, 151 A. 2d 643 (1959). The burden here is clearly on the wife to prove consent or reasonable cause for withdrawing. *Totino v. Totino,* 176 Pa. Superior Ct. 108, 106 A. 2d 881 (1954).

In this case the wife admits an intentional withdrawal in 1952 and by her divorce complaint supported her withdrawal by charges of cruel and barbarous treatment and indignities. Her action, however, was dismissed by this Court. *Colin v. Colin,* supra. The decision of this Court is res adjudicata as to the charges of cruel and barbarous treatment and indignities. Judge GUNTHER in an able opinion, dismissing the complaint said at page 566:

"Appellant testified that the instances of appellee's behavior complained of in the suit for divorce occurred during periods of intoxication. Appellant contends that she was not the cause of the alcoholic condition of her husband and refers to the testimony of one of the physicians consulted by appellee in his quest for a cure. Further reading of the testimony, however, brings out the close relationship of the disease to the

personalities of both. The husband was prone to alcoholism but the behavior of the wife precipitated the alcoholic behavior.

"Appellant need not prove she is the innocent and injured spouse to obtain her decree of divorce a mensa et thoro, but she cannot obtain the decree by claiming incidents which she provoked. Appellant contends that all the incidents upon which she bases her complaint in divorce occurred during the periods of intoxication. If we are to believe the existence of such behavior as complained of, and we shall have something to say on this point later, appellant cannot be above censure when she indulged in actions which she must have known would trigger the alcoholic reaction on her husband's part. Her suggestions of a drink to celebrate the many reconciliations do not reflect the concern for the sobriety of an individual who needs but one drink to set off the chain reaction. She did not seem to be very interested in the husband's attempts to effect a cure, either in hospitals or as a member of the Alcoholics Anonymous organization, much less try to share the interests of and spend time with the husband. Her absences assumed the role of an unbalancing factor in the light of a deep necessity for some sharing of interests. But even more serious contributions to the uneasiness of the husband, which state led to recriminations and accusations of infidelity and, concurrently, to a furthering of alcoholic behavior, were the instances where appellant invited charges of improper conduct by her allowing of undue familiarity on the part of two of her husband's male friends in her own home. A later visit to a room in the Fort Pitt Hotel with one of these men was also indiscreet on her part.

"Even if full credence is placed in the tales of abuse meted out to appellant during appellee's sprees, the in-

dignities to the person which are provoked by the complaining party are not grounds for divorce unless the retaliation is excessive. Esenwein v. Esenwein, 312 Pa. 77, 167 A. 350; Kissinger v. Kissinger, 83 Pa. Superior Ct. 231. On several occasions appellant returned to the home of appellee and cohabited with him even after the filing of the divorce action. These actions are not those of a wife in fear of her husband's cruel retaliation or his meting out indignities which she would consider important enough to terminate the marriage."

This disposition of the prior case determined between the parties that the wife was guilty of leaving her husband without proper cause and that her absence from the marital domicile was not justified. We agree with President Judge McNAUGHER, of the court below where he says in his opinion, ". . . the Superior Court by affirming the refusal of the bed and board divorce has decided that the wife did not have sufficient cause for leaving her husband." "Where these elements are established, it is unnecessary for a libellant to assume the burden of affirmatively proving the absence of consent on his part to the desertion or the non-existence of any reasonable cause." Law of Marriage and Divorce in Pennsylvania, Freedman Vol. I, §255, page 632.

Hence, the wife was not justified in leaving her husband in 1952 and the statute would begin running against her from that date. Because the determination of this Court is res adjudicata, the separation by the wife was, as of that time, wilful and malicious. However, the husband, in his action, claimed the running of the statute from the time her reasons for leaving were determined by this Court not to justify her remaining away from the marital domicile. Her desertion, then, if not from the date of the original with-

drawal, became a wilful and malicious desertion, and if continued in for the statutory period the husband is entitled to the divorce. *Mitchell v. Mitchell,* 142 Pa. Superior Ct. 599, 16 A. 2d 725 (1940); *Hochberg v. Hochberg,* 166 Pa. Superior Ct. 306, 70 A. 2d 864 (1950).

In the *Hochberg* case, supra, we held, at page 308, "The applicable law is stated in Ewing v. Ewing, 140 Pa. Superior Ct. 448, 452, 14 A. 2d 149: 'Mere silence does not establish consent. The respondent having withdrawn from the home it was not incumbent upon the libellant to seek a reconciliation nor to ask the wife to return. To the contrary it is the duty of a deserting wife to seek an appeasement and until this has been done consent to the separation is not established: Ward v. Ward, 117 Pa. Superior Ct. 125, 177 A. 515; Thomas v. Thomas, supra; Wilhelm v. Wilhelm, 130 Pa. Superior Ct. 143, 197 A. 496.' Silent acquiescence is not consent; such negative evidence does not satisfy the legal requirement that there must be proof of some affirmative conduct amounting to participation in the separation." See also: *Larsen v. Larsen,* 184 Pa. Superior Ct. 221, 132 A. 2d 883 (1957); *DiNunzio v. DiNunzio,* 185 Pa. Superior Ct. 106, 138 A. 2d 212 (1958).

The husband here sought reconciliation but the wife continued to stay away from the marital domicile because of complaints already determined to be insufficient to justify her original desertion. " 'The "reasonable cause" which is justification for husband or wife in quitting and abandoning the other, is that and only that, which would entitle the separating party to a divorce.' " *Boyles v. Boyles,* 179 Pa. Superior Ct. 184, 116 A. 2d 248 (1955).

We cannot see how it is possible to deny this divorce, as the court below seems to do, on the ground that the husband, under the circumstances, must have

consented to the separation. The burden was on the wife to seek reconciliation and return to the home where her husband still lived. This she did not do. The husband, however, did seek such a reconciliation. He testified that he asked her if "there was any chance of us getting back together", and her answer was, "not a chance in the world". She testified as follows: "Q. And did you make any effort to return to your home and resume your obligation as a wife to your husband? A. No."

The court below placed great emphasis on the fact that the husband had instituted an action in divorce and such action by him constituted an encouragement and was a consent to the desertion by his wife. In support of this contention the court below relied on the following language in *Latour v. Latour*, 162 Pa. Superior Ct. 75, at page 77, 56 A. 2d 332 (1948), "It is difficult for us to conceive of any stronger way in which the libellant could express his 'reluctance or unwillingness' to have the respondent live with him or to express his 'consent or encouragement' of her in the separation." We settled this issue in *White v. White*, supra, at page 146, where we held that the mere filing of a divorce action cannot be construed as a consent or encouragement to the guilty, absent spouse to remain away from the marital domicile. And that "This is true regardless of anything that might be inferred to the contrary from what was said in Latour v. Latour, . . ."

It might also be pointed out that the alleged desertion here, took place on July 17, 1956, after the decision of this Court refusing the wife's decree, so that the actions of the husband prior to that time had already been adjudicated. There certainly is nothing in this record to support the proposition that the husband, subsequent to July 17, 1956, gave his wife encourage-

ment to remain away from the common domicile so as to excuse her desertion.

The burden of proving himself to be an innocent and injured spouse remains with the husband. *Jones v. Jones,* supra. The law, however, does not require that he be wholly free from fault. *Newman v. Newman,* 170 Pa. Superior Ct. 238, 85 A. 2d 613 (1952). A careful examination of our decision in the prior case discloses this Court's belief that the complaints of the wife concerning her husband, which she reproduced as a defense to desertion, were provoked by her own actions.

Decree is reversed and the record is remanded to the court below for the entry of a decree in divorce.