Rhinehart *v.* Rhinehart, Appellant.

Argued March 13, 1962. Before RHODES, P. J., ER-
VIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and
FLOOD, JJ.

*John T. Miller,* for appellant.

*H. Oscar Ruby,* for appellee.

OPINION BY MONTGOMERY, J., April 12, 1962:

This is an appeal from the decree of the Court of
Common Pleas of York County granting a divorce
a.v.m. in favor of Maurice W. Rhinehart, and against
Bessie Ann Rhinehart, the appellant. Since this ap-
peal was perfected Maurice W. Rhinehart has died, and
upon petition filed, this Court, by order, has permitted
Wilbert C. Rhinehart, the executor of his estate, to be
substituted as appellee. See *Henszey v. Henszey,* 195
Pa. Superior Ct. 377, 171 A. 2d 837, as authority for
this procedure.

The decree of divorce was granted on the grounds
of indignities which the lower court (LIVERANT. J., for
the court en banc) found to exist, although the Master
found to the contrary and that the husband-complain-
ant was not an injured and innocent spouse.

The duty of this Court in appeals of this nature is
to review the evidence de novo, giving the fullest con-
sideration to the judgment of the Master on matters of

credibility where conflicting testimony is offered by key witnesses on important issues, *Henszey v. Henszey* (supra), but without controlling our appraisal of the weight and credibility of the testimony. *Zirot v. Zirot,* 197 Pa. Superior Ct. 124, 177 A. 2d 137.

A rule as to what constitutes indignities cannot be stated with exactness because of its varied application, but generally they consist of vulgarity, unmerited reproach, habitual contumely, studied neglect, intentional incivility, manifest disdain, abusive language, malignant ridicule, and any other plain manifestation of settled hate and estrangement. *McAnulty v. McAnulty,* 196 Pa. Superior Ct. 534, 175 A. 2d 892; *Henszey v. Henszey* (supra).

A review of the testimony reveals that during the three years prior to the institution of the divorce proceedings this marriage was subject to daily arguments involving loud cursing and swearing. Appellee would attempt to avoid the arguments by walking away, but appellant would continue them. Appellee maintained that appellant's continued swearing and accusations of stealing made against customers had driven business away from his grocery store and auto repair business. He also complained of appellant's drinking, threatening to kill him, accusing him falsely of keeping the company of other women, and intentionally poor housekeeping.

Appellant categorically denied all of these charges although there were some discrepancies in her testimony. The testimony of the appellee was completely corroborated by the testimony of all the neighbors of the parties.

Norman Gallatin testified that the appellee had not been in the company of another woman at a banquet, refuting such accusation by the appellant.

Mr. and Mrs. Anthony Eich, neighbors of the Rhineharts, testified to the constant swearing, cursing and

use of vulgar language by the appellant, mostly directed at the appellee. This was also testified to by Mr. and Mrs. William Clancy and Mrs. Phyllis Myers, also neighbors of the Rhineharts. All of these witnesses testified as to how the appellant, by her conduct, had driven customers away from the appellee's business.

It was clearly established from the testimony that the appellee tried to avoid arguments and indeed was seen many times to walk away when the appellant began a tirade against him.

The testimony of the appellant was almost completely uncorroborated, denied by the appellee, and shown to be questionable if not erroneous by the testimony of her neighbors. Her one witness, an occasionally employed housekeeper, testified to some bruises that appellant had shown her and that she had heard some arguments. However, she stated she did not know who caused the arguments and didn't know "too much" about the situation.

Counsel for the appellant attempted to show throughout the case that the appellee, because of his conduct, was not the injured and innocent spouse and therefore was not entitled to a divorce. After a thorough study of the record we cannot agree with this contention. Although the burden of proving himself to be an innocent and injured spouse was upon the husband, the law does not require that he be wholly free from fault. *Colin v. Colin,* 190 Pa. Superior Ct. 125, 151 A. 2d 801; *Faszczewski v. Faszczewski,* 182 Pa. Superior Ct. 295, 126 A. 2d 773.

It is possible that the appellee may not have been completely without fault, however, he has shown by clear and satisfactory evidence that the appellant has been guilty of such indignities to his person as to render his condition intolerable and his life burdensome. It is apparent that the alleged conduct of the appellee, of which the wife complains and which she offers in

562

defense, was provoked by her own actions. That his home life had become intolerable is clear from the testimony of disinterested witnesses. For example the testimony of Mr. Eich, a neighbor,

". . . She just keeps wrangling all the time; I don't see how he puts up with it.

"Q. Do you think the average individual could stand it? A. No, I don't think so; many a man would have put her down under before this; . . ."

We conclude that the appellee was justly entitled to a decree of divorce for indignities. Inefficient housekeeping, if done intentionally, is an indignity. *Wasson v. Wasson,* 176 Pa. Superior Ct. 534, 108 A. 2d 836. Continuous unfounded accusations of infidelity constitute an indignity. *Hurley v. Hurley,* 180 Pa. Superior Ct. 364, 119 A. 2d 634. Habitual verbal aspersion and imperious demands, accompanied by threats of physical violence constitute an indignity. *Trimbur v. Trimbur,* 171 Pa. Superior Ct. 541, 91 A. 2d 307. Continuous interference with the husband's business has been held to be an indignity. *Mullen v. Mullen,* 115 Pa. Superior Ct. 300, 175 A. 710.

The culmination of these indignities, which, in our opinion, have been clearly established by the credible testimony in the case, justified the lower court's refusal to adopt the findings of the Master and its granting of the divorce.

Decree affirmed.