Wagner *v.* Wagner, Appellant.

Argued September 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*John P. Lavelle* for appellant.

*Martin T. Dillon,* with him *Robert G. Dean,* for appellee.

OPINION BY CERCONE, J., December 11, 1972:

This is an appeal by the wife-defendant from the lower court's grant to the husband-plaintiff of a decree of divorce from the bonds of matrimony on the ground of the wife's willful and malicious desertion.

The parties were married in 1942 and resided together until September 18, 1960. On September 18, 1960 (which was the day after the wife-defendant had called the bowling alley where plaintiff was supposed to be and found he was not there), the wife-defendant, when doing the laundry, noticed that her husband's

shirt smelled of perfume and had a lipstick mark on the collar. She immediately called her husband at the plant where he worked and requested that he come home to discuss an urgent matter. When he came home, defendant confronted him with the shirt and asked for an explanation. The plaintiff vigorously denied that he had been out with a girl and a violent argument ensued, at the end of which plaintiff said he "had had it", and he was going to see his lawyer.[1] He came back after a couple of hours, packed his clothes, told his wife he had filed for divorce and that his attorney had advised him it was improper for him to be seeking a divorce and living with her in the same house. He then left. Defendant was served with divorce papers later that afternoon.

On the next day, defendant consulted with a lawyer, withdrew the money that was in a joint savings account, returned to the apartment and packed her bags, and left the marital abode never to return. That same day, however, plaintiff returned to the apartment and has since resided there. No communication was had between the parties until six or seven weeks later, when there was a meeting of the parties and their attorneys during which, according to the husband's testimony, he had asked her to return and she refused. The wife, in her testimony, agreed that the husband had offered reconciliation but stated that he had conditioned it on her changing her ways.

Our independent review of the record leads us to agree with the lower court's determination that the evidence fails to reveal that (1) the wife had just cause

---

[1] Plaintiff had testified as to prior arguments and as to his wife's leaving on other occasions for a few days and at times for more extended periods. He testified, and his testimony was corroborated by other witnesses, as to his courteous treatment of his wife. Defendant, however, did not testify as to her married life prior to September 18, 1960.

for her separation from her husband; or (2) that the husband had consented to her separation.

The lower court correctly assumed as a premise that what the parties said and did on the day of their heated exchange and argument with respect to the shirt should not be used to judge either of them. The actions of the parties after reason and calm reflection have returned must govern the determination of their rights. So considering the evidence, we find the husband the day after the argument returned to the marital abode while the wife packed up and left, never to return despite the husband's offer of reconciliation at a face-to-face meeting of the parties with their lawyer. The wife presented no evidence whatever that would support any finding of consent to her separation or misconduct on the part of her husband which under the law would justify her refusal to return to the apartment. She never referred to any prior marital unhappiness. As already indicated, she cannot rely on the September 18 argument as justification for her leaving and staying away from her husband. Nor can his hasty filing of the divorce action in the midst of that argument be so relied upon by her, especially when its effect was counteracted by his prompt return the next day. Furthermore, it is now a settled rule of law that the mere filing of a divorce action cannot be construed as a consent or encouragement to the absent spouse to remain away from the marital domicile: *Colin v. Colin*, 190 Pa. Superior Ct. 125 (1959).

Since plaintiff had established that defendant had absented herself from the marital abode since September, 1960, the burden was upon defendant to establish by clear and convincing evidence that (1) her separation from him was not desertion because plaintiff had consented or encouraged it; or (2) her separation was not willful and malicious desertion but was justified by his unlawful conduct which amounted to grounds

for divorce: *Sfakianakis v. Sfakianakis,* 183 Pa. Superior Ct. 87 (1956) ; *Ogram v. Ogram,* 162 Pa. Superior Ct. 266 (1948) ; *Colin v. Colin,* supra. Neither of these alternatives was proved by defendant.

Accordingly, we affirm the decree entered by the court below.

WRIGHT, P. J., dissents.