## Guyer v. Guyer

*James M. Schall,* for plaintiff.
*Ronald Keeler,* for defendant.

KELLER, *J.*, March 20, 1984—Plaintiff, George William Guyer, initiated this action on March 23, 1976, with the filing of his complaint seeking a divorce from the defendant, Debra Kay Guyer, on the grounds of indignities. Gary D. Wilt, Esq., was appointed master by the court and after notice to both parties, a hearing was held on July 30, 1976 at which defendant appeared.

On June 7, 1977, a rule was issued on the defendant to show cause why plaintiff's complaint should not be amended to include the grounds of desertion. No answer having been filed to the rule, the complaint was deemed amended and an additional hearing was held by the master on July 3, 1977.

The master filed his report on September 1, 1977, in which he recommended to the court that plaintiff's request for a divorce be denied on both the grounds of indignities and desertion. Plaintiff timely filed exceptions to the master's report through his attorney on September 7, 1977. Plaintiff's brief in support of his exceptions to the master's report was filed on January 16, 1978. This court then signed an order on February 21, 1978, upon the motion of plaintiff whereby the court agreed to rule on the exceptions on briefs alone and without the benefit of oral argument.

What, if anything, transpired between February of 1978 and February of 1984 is not of record. There is no indication that a brief was ever filed on behalf of the defendant nor was an opinion filed by the court. The whole matter came to the court's attention on February 29, 1984, when plaintiff moved the court to enter a decree in divorce. This opinion is hereby written to finally dispose of the exceptions filed by plaintiff to the master's report.

The record of the testimony heard by the master's reveals that the parties separated either in April or

June of 1975 when defendant voluntarily and without provocation left the marital abode. While it is clear that the two-year period of separation required to support a divorce on the grounds of desertion had not expired at the time of the master's first hearing on July 30, 1976, it is equally without doubt that such a time period had run by the time the second hearing was held on July 3, 1977. However, the master concluded that the time elapsed since the filing of the complaint in divorce on grounds of indignities constituted a voluntary separation of the parties and could not be included in computing the statutory period necessary to support a divorce action on the grounds of desertion.

The Master cites the case of Zeiler v. Zeiler, 58 Pa. Super. 220 (1914), as support for his opinion. We find one important distinction between the Zeiler case and the case at bar. In Zeiler, plaintiff/wife filed an action in divorce based on indignities which was dismissed. About five weeks later, defendant/husband instituted a divorce action based on desertion. The court dismissed the husband's action since he had included the time of the voluntary separation of the parties during wife's action in indignities in computing the statutory period necessary to support a divorce for desertion. This factual situation is totally distinguishable from the one presently before this court. Here we are confronted by a plaintiff who originally sought a divorce on grounds of indignities and then that same plaintiff amended his complaint to include the grounds of desertion.

This distinction was recognized by the Superior Court in White v. White, 185 Pa. Super. 141, 138 A.2d 162 (1958), where that court was also dealing with a plaintiff who filed for divorce on the grounds of indignities some five months after the parties sep-

arated. More than two years later, he amended his complaint to include the grounds of desertion. The court granted the divorce based on the grounds of desertion and concluded that the time during the pendency of the indignities action could be included in computing the statutory period of desertion. The White court also held that since the Legislature expressly authorized the commencement of a divorce action on grounds of desertion at any time not less than six months after the separation, no adverse inference can be drawn from the filing of a divorce action prior to the expiration of the two-year statutory period. This is so, said the court, despite whay may be inferred to the contrary in Latour v. Latour, 162 Pa. Super. 75, 56 A.2d 332 (1948), a case cited by the Master in the present matter. The later case of Colin v. Colin, 190 Pa. Super. 125, 151 A.2d 801 (1959), upheld the court's decision in White, supra, which questioned the holding in Latour, supra.

We, therefore, conclude that plantiff's exceptions to the master's report denying a divorce on grounds of desertion are meritorious. Plaintiff's prayer for a divorce based on the grounds of desertion will be granted. The decree is attached hereto.